*In re* MOSS

Docket No. 311610. Submitted February 13, 2013, at Detroit. Decided
     May 9, 2013, at 9:05 a.m. Leave to appeal denied, 495 Mich ___.

The Department of Human Services (DHS) petitioned the St. Clair
  Circuit Court, Family Division, for the termination of A. Vega's
  parental rights to her youngest daughter and her son. The court,
  Elwood L. Brown, J., found that there was clear and convincing
  evidence to terminate respondent's parental rights under MCL
  712A.19b(3)(g) (failure to provide proper care or custody) and (j)
  (reasonable likelihood of harm if child returned to parent's home)
  and that termination would be in the children's best interests.
  Respondent appealed the termination order.

     The Court of Appeals *held*:

     1. To terminate parental rights, a trial court must find by clear
and convincing evidence that at least one statutory ground under
MCL 712A.19b(3) has been established. The record showed that
respondent's substance abuse affected her ability to provide
proper care and custody for the children given that she had used
drugs in the children's presence and took them with her to
purchase drugs. She lived at a homeless shelter with the children,
and there was no evidence that she would be able to provide
suitable housing for them in the reasonably foreseeable future.
Nor was there a reasonable expectation that she would be able to
provide proper care and custody within a reasonable amount of
time considering the children's ages. Respondent had a long
history of mental illness that was difficult to manage, repeatedly
experiencing psychotic episodes in which voices told her to harm
her children. Although respondent was seeking treatment, previ-
ous attempts had been unsuccessful. She also testified about
numerous problems in adjusting her medications to successfully
control her symptoms. Additionally, there was a reasonable likeli-
hood given respondent's conduct or capacity that the children
would be harmed if returned to her home given her long history of
substance abuse and mental illness. Respondent had had thoughts
of harming her youngest daughter and had acted on those
thoughts by attempting to suffocate her. The trial court found that
the risk of harm to the children would be too great if respondent

went off her medication for any reason. The trial court did not clearly err by finding by clear and convincing evidence statutory grounds for termination under MCL 712A.19b(3)(g) and (j).

2. MCL 712A.19b(5) provides that if the trial court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court must order termination of parental rights and that additional efforts for reuniting the child with the parent not be made. Respondent argued that the trial court had to find by clear and convincing evidence that termination was in the children's best interests. While MCL 712A.19b clearly states that the statutory grounds for termination must be proved by clear and convincing evidence, it does not provide a standard of proof for the best-interest determination. Normally, the Legislature's failure to spell out a standard of proof would require application of the preponderance of the evidence standard. Termination-of-parental-rights cases are not strictly civil cases, however, and determining the requisite standard of proof that due process requires for the best-interest determination necessitates applying the test developed in *Mathews v Eldridge*, 424 US 319 (1976). *Mathews* requires consideration of three factors: (1) the private interest that will be affected by the official action, (2) the risk of an erroneous deprivation of the interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards, and (3) the state's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

3. Under *Mathews*, whether termination of parental rights is in the child's best interests must be proved by a preponderance of the evidence rather than by clear and convincing evidence. With respect to the first *Mathews* factor, there are two private interests affected in a proceeding to terminate parental rights: (1) the parent's fundamental liberty interest in the care, custody, and management of the child and (2) the child's interest in a normal family home. The child and the parent share an interest in preventing erroneous termination of their natural relationship during the stage of the proceeding at which the state must establish a statutory ground for termination, thus favoring the use of error-reducing procedures such as the heightened standard of proof of clear and convincing evidence. Once the petitioner proves parental unfitness, however, the interests of the child and the parent diverge, and they may become adversaries because the child's interests in a normal family home align more with the state's interest in terminating parental rights and providing the

child with a stable home. Although the parent still has an interest in maintaining a relationship with the child, this interest is lessened by the trial court's determination that the parent is unfit to raise the child. The need for a heightened standard of proof is not present at the best-interest stage. With respect to the risk of an erroneous deprivation through application of a preponderance of the evidence standard, at the best-interest stage the child's interest in a normal family home is superior to any interest the parent has. Applying the clear and convincing standard of proof at the best-interest stage would benefit the parent but would be a detriment to the child because an erroneous finding that termination is not in the child's best interests would preserve the parent-child relationship of a parent who has been found unfit. Thus, a clear and convincing evidence standard does not adequately safeguard the child's interest in a normal family home. With respect to the final *Mathews* factor, the governmental interests are a *parens patriae* interest in preserving and promoting the welfare of the child and a fiscal and administrative interest in reducing the cost and burden of termination proceedings. The use of a clear and convincing evidence standard at the best-interest stage could impose an increased financial burden on the state because additional evidence could be required to meet the higher standard of proof and impair the state's *parens patriae* interest in preserving and promoting the welfare of the child. In this case, respondent acted on her thoughts of harming her youngest daughter by attempting to suffocate her numerous times, brought the children with her while purchasing drugs, used crack cocaine in front of her son, and did not have stable housing. Her ultimate success regarding her substance abuse and mental health treatments was uncertain at best, and the DHS accordingly proved by a preponderance of the evidence that termination was in the children's best interests.

4. Under MCL 712A.19a(2), reasonable efforts must generally be made to reunite the parent and children unless certain aggravating circumstances exist. The DHS, however, is not required to provide reunification services when termination of parental rights is the agency's goal. Pursuant to MCR 3.977(E), termination is required at the initial disposition hearing and additional reunification efforts must not be ordered if (1) the original petition requested termination, (2) the trial court finds by a preponderance of the evidence that one or more of the grounds for assuming jurisdiction over the child under MCL 712A.2(b) was established, (3) the court finds on the basis of clear and convincing legally admissible evidence that one or more facts alleged in the petition are true and establish certain enumerated grounds for termina-

tion, and (4) termination is in the child's best interests. The DHS's initial petition requested termination, the trial court found by a preponderance of the evidence that there were grounds to assume jurisdiction, the trial court found by clear and convincing evidence that at least one ground for termination had been established, and the trial court found that termination was in the children's best interests. Therefore, all the requirements of MCR 3.977(E) were met, and no reunification efforts were required.

Affirmed.

WILDER, J., concurring, agreed that the trial court did not err by finding that there was clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(g) and (j) and that termination was in the children's best interests, but disagreed that the due process balancing test of *Mathews* applied. Respondent did not raise a due process challenge on appeal. Even if a due process challenge had been properly raised, *Mathews* was inapplicable because once grounds for termination are established by clear and convincing evidence under MCL 712A.19b(3), a parent has no further liberty interest to protect and, thus, has no due process right to be affected. Judge WILDER concluded that this case should have been resolved solely in accordance with the relevant statutes and court rules. The plain language of MCL 712A.19b(5) indicates that a clear and convincing standard does not apply to the best-interest determination. Because MCR 3.977(E)(4), the court rule specifically applicable to this case, fails to provide a standard of proof relevant to a trial court's best-interest determination, the preponderance of the evidence standard provided in MCR 3.972(C)(1) applies.

TERMINATION OF PARENTAL RIGHTS — BEST-INTEREST DETERMINATION — STANDARD OF PROOF — PREPONDERANCE OF THE EVIDENCE.

MCL 712A.19b(5) provides that if the trial court finds that there is at least one ground for termination of parental rights under MCL 712A.19b(3) and that termination of parental rights is in the child's best interests, the court must order termination of parental rights and that additional efforts for reuniting the child with the parent not be made; whether termination of parental rights is in the child's best interests need be proved by only a preponderance of the evidence rather than by clear and convincing evidence.

*Michael D. Wendling*, Prosecuting Attorney, and *Timothy K. Morris*, Chief of Appeals, for petitioner.

*John L. Livesay* for respondent.

Before: MURRAY, P.J., and WILDER and OWENS, JJ.

OWENS, J. Respondent appeals as of right an order terminating her parental rights to her youngest daughter and her son. The trial court found, for the reasons stated in the referee's findings of fact and conclusions of law, that there was clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(g) and (j) and that termination would be in the best interests of the children. For the reasons set forth in this opinion, we affirm.

First, respondent argues that there was not clear and convincing evidence to terminate her parental rights pursuant to MCL 712A.19b(3)(g) and (j). We disagree. To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established. *In re Trejo Minors*, 462 Mich 341, 355; 612 NW2d 407 (2000). We review for clear error a trial court's finding of whether a statutory ground for termination has been proven by clear and convincing evidence. MCR 3.977(K); *In re BZ*, 264 Mich App 286, 296; 690 NW2d 505 (2004). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. at 296-297.

The trial court terminated respondent's rights under MCL 712A.19b(3)(g) and (j), which provide as follows:

> The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

* * *

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

*     *     *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

The record shows that respondent's substance abuse affects her ability to provide proper care and custody for the children. Testimony showed that she used drugs in the presence of the children and that she took them with her to purchase drugs on at least one occasion. Respondent was also living at a homeless shelter with the children, and there was no evidence that she would be able to provide suitable housing for the children in the reasonably foreseeable future.

Moreover, the facts do not show that there is a reasonable expectation that respondent would be able to provide proper care and custody within a reasonable amount of time considering the children's ages. She has a long history of mental illness that has been difficult to manage. She repeatedly experienced psychotic episodes, including auditory hallucinations in which she was told to harm her children. Although respondent was seeking treatment, the testimony at trial established that previous attempts at treatment were unsuccessful. She had been admitted at least three times for psychiatric care at hospitals in Michigan, Illinois, and Florida, and respondent testified about difficulties arising when her medications ran out. She also testified about numerous problems in adjusting her medications to successfully control her symptoms.

In addition, the record shows that there is a reasonable likelihood, based on the conduct or capacity of respondent, that the children would be harmed if returned to respondent's home. Respondent has a long history of substance abuse and mental illness, and her treatment has been unsuccessful for both. At the termination hearing, it was undisputed that respondent had thoughts of harming her youngest daughter and that she acted on those thoughts by attempting to suffocate her. Although respondent testified that she no longer had thoughts of harming her daughter since she received the proper medication, the trial court found that the risk of harm to the children would be too great if respondent went off her medication for any reason. Furthermore, respondent's oldest daughter had previously been removed and placed in foster care because respondent had thoughts of harming her. The record shows that respondent falsified drug tests in order to regain custody and that after regaining custody, respondent continued to have thoughts of harming her daughter.

Given the facts of record, we conclude that the trial court did not clearly err in finding by clear and convincing evidence statutory grounds for termination under MCL 712A.19b(3)(g) and (j).

Next, respondent argues that petitioner failed to prove by clear and convincing evidence that termination of her parental rights was in the best interests of the children. We disagree. Although respondent asserts that the trial court must find by clear and convincing evidence that termination is in the best interests of the children, there is no statute, court rule, or caselaw requiring such. The statute clearly states that the statutory grounds for termination must be proved by clear and convincing evidence, but does not provide a

standard of proof for the best-interest determination.
MCL 712A.19b(3) and (5). MCL 712A.19b(5) provides
the following regarding the best-interest determina-
tion:

> If the court finds that there are grounds for termination
> of parental rights and that termination of parental rights is
> in the child's best interests, the court shall order termina-
> tion of parental rights and order that additional efforts for
> reunification of the child with the parent not be made.

Before it was amended by 2008 PA 199, the statute
read:

> If the court finds that there are grounds for termination of
> parental rights, the court shall order termination of parental
> rights and order that additional efforts for reunification of the
> child with the parent not be made, unless the court finds that
> termination of parental rights to the child is *clearly* not in the
> child's best interests. [MCL 712A.19b(5), as amended by 2000
> PA 232 (emphasis added).]

Accordingly, because of the statutory language at the
time, our Supreme Court concluded that once the trial
court finds that there are statutory grounds for termi-
nation, the trial court must terminate parental rights
unless it finds by clear evidence that termination is not
in the child's best interests. *Trejo*, 462 Mich at 354.
However, because the statute as amended in 2008 does
not include the term "clearly," the clear-evidence stan-
dard no longer applies to the best-interest determina-
tion.[1] Thus, the current statute does not provide a
standard of proof. For the reasons that follow, we hold
that the preponderance of the evidence standard applies
to the best-interest determination.

---

[1] Assuming, without deciding, that "clear evidence" is similar to what
is required under the clear and convincing evidence standard, the
pre-2008 statute provided a heightened standard of proof to prevent
termination rather than to permit termination.

Initially, we note that in civil cases, the Legislature's failure to spell out a standard of proof would usually require application of the preponderance of the evidence standard. *Residential Ratepayer Consortium v Pub Serv Comm*, 198 Mich App 144, 149; 497 NW2d 558 (1993). However, termination-of-parental-rights cases are not strictly civil cases, as recognized by the United States Supreme Court in *Santosky v Kramer*, 455 US 745, 762; 102 S Ct 1388; 71 L Ed 2d 599 (1982). Rather, they bear "many of the indicia of a criminal trial." *Id.* Further, the Michigan Court Rules, which are adopted by our Supreme Court, are silent on the standard of proof required for the best-interest determination, as is Michigan caselaw. See MCR 3.977(E)(4), (F)(1)(c), and (H)(3)(b). So in the absence of explicit Michigan law on the issue, we must determine whether the preponderance of the evidence standard can be constitutionally applied to the best-interest determination. To do so, we look for guidance in *Santosky*, the leading case from the United States Supreme Court regarding the requisite standard of proof in termination-of-parental-rights proceedings.

*Santosky* examined the constitutionality of the state of New York's parental-rights-termination statute. *Santosky*, 455 US at 748-749. Specifically, *Santosky* analyzed whether New York's statute, which authorized the trial court to terminate a parent's rights to the child if the state proved by a fair preponderance of the evidence that the parent had permanently neglected the child, satisfied the due-process requirements of the Fifth and Fourteenth Amendments. See *id.* at 748-751. At the time, New York's termination proceedings consisted of two parts: (1) a fact-finding hearing to prove permanent neglect and (2) a dispositional hearing to determine what placement was in the child's best interests. *Id.* at 748. Under New York's statute, once

the state established permanent neglect by a fair pre-
ponderance of the evidence at the fact-finding hearing,
the parent's rights to the child could be terminated if
termination was determined to be in the best interests
of the child. *Id.* at 748-749.

To determine the requisite standard of proof that due
process would require for the fact-finding stage of the
termination proceeding, the Court weighed the three
factors specified in *Mathews v Eldridge*, 424 US 319; 96
S Ct 893; 47 L Ed 2d 18 (1976). *Santosky*, 455 US at
758-768. *Mathews* stated that

> identification of the specific dictates of due process gener-
> ally requires consideration of three distinct factors: First,
> the private interest that will be affected by the official
> action; second, the risk of an erroneous deprivation of such
> interest through the procedures used, and the probable
> value, if any, of additional or substitute procedural safe-
> guards; and finally, the Government's interest, including
> the function involved and the fiscal and administrative
> burdens that the additional or substitute procedural re-
> quirement would entail. [*Mathews*, 424 US at 335.]

First, the *Santosky* Court noted that the private inter-
est affected in a termination proceeding is "command-
ing," because victory by the state at the fact-finding
hearing declares the parent unfit to raise the child and
makes termination of parental rights possible. *San-
tosky*, 455 US at 758-760. Thus, the private interest
affected favors a heightened standard of proof. *Id.* at
761. Second, the Court determined that the risk of an
erroneous termination of parental rights is severe and
that a heightened standard of proof would alleviate that
risk more than a preponderance of the evidence stan-
dard would. *Id.* at 764-765. Finally, the Court concluded
that a heightened standard of proof would not impair
the state's interests "in preserving and promoting the
welfare of the child" and "in reducing the cost and

burden of such proceedings." *Id.* at 766-768. Thus, the Court held that the clear and convincing evidence standard is the minimal constitutionally mandated standard that must be applied at the fact-finding stage of termination proceedings. *Id.* at 769.

In Michigan, termination proceedings consist of two stages, which are identical in function to the New York stages discussed in *Santosky*. First, we apply a clear and convincing evidence standard to determine whether there are statutory grounds for termination. MCL 712A.19b(3); MCR 3.977(E)(3), (F)(1)(b), and (H)(3)(a). This stage in the termination proceeding is very similar to the fact-finding stage discussed in *Santosky*; we will refer to it as the statutory-grounds stage. See *Santosky*, 455 US at 748. Second, once a statutory ground for termination is established, the trial court must then determine whether termination is in the best interests of the child. MCL 712A.19b(5). This stage in the termination proceedings is also very similar to the dispositional stage that was briefly referred to in *Santosky*; we will refer to it as the best-interest stage. See *Santosky*, 455 US at 748. As was the case in New York, there is not an established standard of proof for the best-interest determination in Michigan, and *Santosky* did not address what standard of proof is constitutionally required at the best-interest stage of termination proceedings. Thus, to determine the requisite standard of proof for the best-interest determination that due process would require, like the *Santosky* Court did, we must apply the test developed in *Mathews*.

Under the first *Mathews* factor, there are two private interests affected in a proceeding to terminate parental rights: (1) the parent's fundamental liberty interest in the care, custody, and management of the child and (2) the child's interest in a normal family home. *Santosky*,

455 US at 758–759. At the statutory-grounds stage in a termination proceeding, the child and the parent "share a vital interest in preventing erroneous termination of their natural relationship" until the petitioner proves parental unfitness. *Id.* at 760. Thus, at the statutory-grounds stage, the use of error-reducing procedures, such as the heightened standard of proof of clear and convincing evidence, is favored. *Id.* at 760-761. However, the same is not true at the best-interest stage of a termination proceeding. This is because the interests of the child and the parent diverge once the petitioner proves parental unfitness. *Id.* at 760. During the best-interest stage of a termination proceeding, the child and the parent may become adversaries because the child's interests in a normal family home align more with the state's interest in terminating parental rights and providing the child with a stable home. See *id.* (noting that in New York, the trial court does not have to consider the parent's interests at the dispositional hearing to determine what is in the child's best interests). Although the parent still has an interest in maintaining a relationship with the child, this interest is lessened by the trial court's determination that the parent is unfit to raise the child. See *id.* at 760-761.

Further, the history of Michigan's termination-of-parental-rights statute indicates that the focus at the best-interest stage has always been on the child, not the parent. Before 1994, while the statute and court rules were silent regarding whether termination had to be in the child's best interests, caselaw held that a juvenile disposition, including termination of parental rights, must be made in the child's best interests. See *In re Franzel*, 24 Mich App 371, 377; 180 NW2d 375 (1970). In 1994, the statute was amended to add language requiring the trial courts to terminate parental rights once a statutory ground was proved, unless it was

clearly not in the best interests of the child. MCL 712A.19b(5), as amended by 1994 PA 264. Once the state presented clear and convincing evidence that at least one ground for termination was established, then "the liberty interest of the parent no longer include[d] the right to custody and control of the children." *Trejo*, 462 Mich at 355. Accordingly, termination was mandatory if a statutory ground was established unless the trial court determined that it was clearly *not* in the child's best interests. Thus, the focus was on the child's interests and not the parent's. Most recently, the statute was amended in 2008 to require the trial courts to find, in addition to a statutory ground, that termination of parental rights is in the child's best interests before termination may be ordered. See 2008 PA 199. Now, if the trial court finds that a statutory ground for termination is established *and* termination is in the child's best interests, then it must order termination of parental rights. MCL 712A.19b(5). However, to determine whether termination is in the child's best interests, the focus still remains on the child. Thus, it is clear that once a statutory ground for termination is established, the interests of the child and the parent no longer coincide, and the need for a heightened standard of proof is not present at the best-interest stage. See *Santosky*, 455 US at 760-761.

The second *Mathews* factor requires us to explore the risk of an erroneous deprivation of the child's and the parent's interests if we were to apply a preponderance of the evidence standard and the probable value, if any, of a clear and convincing evidence standard. See *Santosky*, 455 US at 761. Because the focus is on the parent at the statutory-grounds stage, a clear and convincing evidence standard reduces the risk of an erroneous determination that a fit parent is unfit. *Id.* at 764-765. However, as noted earlier, once a statutory ground for

termination is established, i.e., the parent has been found unfit, the focus shifts to the child and the issue is whether parental rights *should* be terminated, not whether they *can* be terminated. Accordingly, at the best-interest stage, the child's interest in a normal family home is superior to any interest the parent has. See *id.* at 760. If we were to apply the clear and convincing standard of proof at the best-interest stage, the state would bear the greater share of the risk of an erroneous determination. While this would benefit the parent, it would be a detriment to the child because an erroneous finding that the termination of parental rights is not in the best interests of the child would preserve the parent-child relationship of a parent who has been found unfit. This would keep the child in foster care and deprive the child of the opportunity for a permanent and normal family home. Thus, a clear and convincing evidence standard does not adequately safeguard the child's interest in a normal family home. However, a lesser standard of proof—preponderance of the evidence—would better safeguard the child's interest, as well as protect the interests of the parent and the state.

The final *Mathews* factor requires us to examine the governmental interests at stake, which are "a *parens patriae* interest in preserving and promoting the welfare of the child and a fiscal and administrative interest in reducing the cost and burden of such proceedings." *Santosky*, 455 US at 766. The use of a clear and convincing evidence standard at the best-interest stage could impose an increased financial burden on the state because additional evidence might be required to meet the higher standard of proof. In addition, and more importantly, the use of a clear and convincing evidence standard at the best-interest stage would impair the state's *parens patriae* interest in preserving and pro-

moting the welfare of the child. The state's *parens patriae* interest in terminating parental rights arises after the parent has been found unfit. *Id.* at 767 n 17. Thus, once a statutory ground for termination is established, i.e., the parent has been found unfit, the state has a substantial interest in protecting the welfare of the child. The application of a heightened standard of proof—clear and convincing evidence—hinders the state's interest in protecting the welfare of the child.

Thus, in light of the foregoing analysis, we hold that whether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence.[2]

In this case, the record shows that respondent acted on her thoughts of harming her youngest daughter by attempting to suffocate her numerous times. The record also shows that she brought the children with her while purchasing drugs, that her son had seen her using crack cocaine before, and that she did not have stable housing. Further, the record shows that given her history, her ultimate success regarding her substance abuse and mental health treatments is uncertain at best. Accordingly, the petitioner proved by a preponderance of the evidence that termination was in the children's best interests.

Finally, respondent essentially argues that termination of her parental rights was premature because she should have been offered reunification services. We disagree. Generally, reasonable efforts must be made to reunite the parent and children unless certain aggra-

---

[2] We note that this determination is further supported by the fact that the Legislature did not include a standard for the best-interest determination when it amended the statute, as it did for the establishment of a statutory ground for termination. Had the Legislature intended the standards to be the same, it could have included such language.

vating circumstances exist. See MCL 712A.19a(2). However, the petitioner "is not required to provide reunification services when termination of parental rights is the agency's goal." *In re HRC*, 286 Mich App 444, 463; 781 NW2d 105 (2009). Further, the petitioner can request termination in the initial petition. MCL 712A.19b(4); MCR 3.961(B)(6). Pursuant to MCR 3.977(E), termination is required at the initial disposition hearing and additional reunification efforts shall not be ordered if

> (1) the original, or amended, petition contains a request for termination;
>
> (2) at the trial or plea proceedings, the trier of fact finds by a preponderance of the evidence that one or more of the grounds for assumption of jurisdiction over the child under MCL 712A.2(b) have been established;
>
> (3) at the initial disposition hearing, the court finds on the basis of clear and convincing legally admissible evidence that had been introduced at the trial or plea proceedings, or that is introduced at the dispositional hearing, that one or more facts alleged in the petition:
>
> (a) are true, and
>
> (b) establish grounds for termination of parental rights under MCL 712A.19b(3)(a), (b), (d), (e), (f), (g), (h), (i), (j), (k), (*l*), (m), or (n);
>
> (4) termination of parental rights is in the child's best interests.

In this case, the initial petition requested termination, the trial court found by a preponderance of the evidence that there were grounds to assume jurisdiction, and the trial court found by clear and convincing evidence that at least one of the grounds for termination had been established. Further, the trial court found that it was in the best interests of the children for respondent's rights to be terminated. Therefore, all the

requirements of MCR 3.977(E) were met and no reunification efforts were required.

Affirmed.

MURRAY, P.J., concurred with OWENS, J.

WILDER, J. (*concurring*). I join in the majority's conclusions that the trial court did not err by finding that there was clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(g) and (j) and that termination was in the best interests of the children. I disagree with the majority, however, that because the 2008 amendment of MCL 712A.19b(5) does not explicitly state a standard of proof for the trial court to use in making its best-interest determination, the due-process balancing test enunciated in *Mathews v Eldridge*, 424 US 319; 96 S Ct 893; 47 L Ed 2d 18 (1976), should apply.

In *Mathews*, the United States Supreme Court implemented a balancing test to be used to determine whether certain procedures were adequate to meet the requirements of due process:

> [I]dentification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. [*Id.* at 335.]

In my view, *Mathews* is inapplicable here for two reasons. First, respondent did not make a due-process challenge on appeal. Instead, respondent erroneously

cites MCL 712A.19b(3)[1] as support for her assertion that the best-interest determination, made under MCL 712A.19b(5), also requires a finding of clear and convincing evidence. As the majority also concludes, with the Legislature's amendment of MCL 712A.19b(5), it is plain from the language of the statute that a clear and convincing standard does *not* apply to the best-interest determination. The fact that we reject as erroneous respondent's contention regarding the applicable burden of proof does not necessarily require us to engage in a due-process analysis in order to determine the correct burden of proof.

Second, even if a due-process challenge were properly before us, *Mathews* remains inapplicable because once grounds for termination are established by clear and convincing evidence under MCL 712A.19b(3), a parent has no further liberty interest to protect and, thus, has no due process right to be affected. See *In re Parole of Hill*, 298 Mich App 404, 412; 827 NW2d 407 (2012) ("Whether the due process guarantee is applicable depends initially on the presence of a protected property or liberty interest. It is only when a protected interest has been found that we may proceed to determine what process is due.") (citations and quotation marks omitted). Our Supreme Court has held, "Once the petitioner has presented clear and convincing evidence that persuades the court that at least one ground for termination is established under [MCL 712A.19b(3)], the liberty interest of the parent no longer includes the right to custody and control of the children." *In re Trejo Minors*, 462 Mich 341, 355; 612 NW2d 407 (2000). In other words, at that point, "the

[1] MCL 712A.19b(3) provides that the *grounds for termination* must be established by clear and convincing evidence; it does not pertain to the best-interest requirement under MCL 712A.19b(5).

parent's interest in the companionship, care, and custody of the child gives way to the state's interest in the child's protection." *Id.* at 356; see also *In re Foster*, 285 Mich App 630, 635; 776 NW2d 415 (2009).

Because a parent against whom there exists clear and convincing evidence to terminate parental rights no longer has a liberty interest including the right to custody and control of the children, I would conclude that this case should be resolved solely in accordance with the relevant statutes and court rules. The general rule in a civil case is that when an applicable statute "does not spell out a particular standard of proof," "the usual 'preponderance of the evidence' quantum of proof in civil cases is therefore considered to apply." *Residential Ratepayer Consortium v Pub Serv Comm*, 198 Mich App 144, 149; 497 NW2d 558 (1993). In the context of a termination-of-parental-rights proceeding, the Supreme Court recognized and affirmed this principle by its adoption of MCR 3.972(C)(1), which provides:

> Except as otherwise provided in these rules, the rules of evidence for a civil proceeding and the standard of proof by a preponderance of evidence apply at trial, notwithstanding that the petition contains a request to terminate parental rights.

Since MCR 3.977(E)(4), the court rule specifically applicable to this case, fails to provide a standard of proof relevant to a trial court's best-interest determination, the preponderance of the evidence standard provided in MCR 3.972(C)(1) does apply here.

For the reasons stated, I agree that the judgment of the trial court should be affirmed. However, rather than using the *Mathews* due-process analysis, I would affirm the best-interest findings of the trial court as having been made in a manner consistent with the plain language of MCL 712A.19b(5) and MCR 3.972(C)(1).