# STATE OF MICHIGAN

# COURT OF APPEALS

In the Matter of FISHER/NELSON-FISHER, Minors.

UNPUBLISHED
October 30, 2014

No. 320035
Wayne Circuit Court
Family Division
LC No. 12-506422-NA

Before: CAVANAGH, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating her parental rights to her son and three daughters ("the children"). The trial court determined that there was clear and convincing evidence to establish the statutory grounds for termination[1] and that termination was in the children's best interests. We affirm.

Respondent first argues that termination of her parental rights was clearly erroneous because DHS failed to make reasonable efforts toward reunification with the children. Specifically, respondent argues that there was significant evidence suggesting that, after an additional three to six months of services, she would have been prepared to regain custody of the children. Respondent contends that because she was not offered an extension of time to participate in a reunification plan, she was never afforded a reasonable opportunity to comply with the terms of her case service plan. We disagree.

In order to preserve for appellate review a challenge to DHS's efforts toward reunification, a respondent must "object or indicate that the services provided . . . were somehow inadequate." *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012). Respondent did not argue in the trial court that DHS's efforts toward reunification were inadequate; this argument is presented for the first time on appeal. Accordingly, the issue is unpreserved.

Pursuant to MCL 712A.19a(2), if a child remains in foster care and parental rights to the child have not yet been terminated, "[r]easonable efforts to reunify the child and family must be

---

[1] Respondent does not argue in her brief on appeal that there was insufficient evidence to establish the individual statutory grounds for termination. See MCL 712A.19b(3). Accordingly, we decline to address this matter.

made." See also *Frey*, 297 Mich App at 247. Specifically, "DHS has a responsibility to expend reasonable efforts to provide services to secure reunification." *Id.* at 248. However, "there exists a commensurate responsibility on the part of [a respondent] to participate in the services that are offered." *Id.* In cases where DHS has provided services to secure reunification, but the respondent has either failed to participate in those services or demonstrate that he or she has benefitted from them, DHS has fulfilled its responsibility under MCL 712A.19a(2). *Frey*, 297 Mich App at 248.

It was clear from the evidence presented at the hearing that DHS provided reasonable services toward reunification. However, respondent did not participate in many of the services, and she did not benefit from others. Anita Miko, the DHS employee assigned to this case, stated that she made numerous referrals to respondent for housing; however, respondent ignored all the referrals except one. Respondent did move into one apartment based on a referral from Miko, but she moved out after less than one month. Further, Miko made numerous referrals for intensive parenting classes, individual therapy, and family therapy, but respondent did not follow through on any of the referrals. Instead, respondent was consistently terminated from the services that she did begin because of her failure to regularly attend.

Respondent did state at the hearing that she did not receive housing referrals from DHS, but she does not so argue on appeal. Instead, respondent argues that because there was testimony suggesting that she had improved in her case service plan participation in the months leading up to the hearing, she should have been granted an extension of time to participate in services. Respondent stated that she believed she would be ready for custody of the children in three to six months after the hearing, but that is irrelevant to the issue of whether DHS provided reasonable services toward reunification in the period between removal of the children and termination of respondent's parental rights. Between March 30, 2012, and November 6, 2013, the period between removal of the children and termination of respondent's parental rights, DHS made reasonable efforts toward reunification. For most of that time, respondent failed to take advantage of the services, which ultimately resulted in termination of her parental rights. Respondent's argument on appeal is meritless.

Respondent next argues that termination of her parental rights was not in the children's best interests. Specifically, respondent contends that the trial court failed to explicitly address the fact that the children have remained in the care of a relative, their great aunt, since the time of their removal from respondent's home. Respondent argues that the trial court's failure to address this fact constituted clear error. We disagree.

"Whether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). We review for clear error the trial court's findings regarding a child's best interests. MCR 3.977(K); *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Moss*, 301 Mich App at 80.

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of

parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). In considering whether termination is in a child's best interests, the court may consider a child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012).

"[A] child's placement with relatives weighs against termination under MCL 712A.19a(6)(a), which expressly establishes that, although grounds allowing the initiation of termination proceedings are present, initiation of termination proceedings is not required when the children are 'being cared for by relatives.'" *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010). Accordingly, placement of a child with relatives is an explicit factor that must be considered in determining whether termination of parental rights is in the best interests of a child. *Id.* "A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *Olive/Metts*, 297 Mich App at 43. When termination of parental rights to a group of children is considered, the trial court must address any significant differences between each child's best interests. *In re White*, 303 Mich App 701, 716; 846 NW2d 61 (2014).

Respondent's argument on this issue is cursory. In essence, she argues that the trial court failed to address the fact that the children resided with their great aunt after they were removed from her home, and that the trial court failed to explicitly address each child's placement with relatives individually. Respondent's argument is meritless. The trial court specifically found that "[t]he children have been placed with a maternal relative who is willing to plan long term for them." Accordingly, respondent's argument that the trial court failed to consider this fact is incorrect. Respondent is correct in her observation that the trial court did not specifically address the best interests of each child individually; however, she does not explain how the interests of any one child differ significantly from the interests of the others. All of the children have resided at their great aunt's house since the time of their removal from respondent's home; the children will be able to remain in that home into the future. Further, there was no evidence on the record to suggest that the best interests of the children differed significantly. The trial court did not clearly err when it considered the best interests of the children as a group, rather than individually.

Respondent also notes that the evidence showed that she loves the children and is very bonded with them. It is uncontested that respondent is bonded with the children. However, respondent has demonstrated very little parenting ability; since the time the children were removed from her home, she has failed to participate in her case service plan and she has missed numerous visits with the children. Respondent personally testified that she was not ready for custody of the children at the time of the hearing; however, she stated that she believed she would be ready in another three to six months. Further, the children's need for permanency, stability, and finality was best served by termination of respondent's parental rights. From March 30, 2012, to November 6, 2013, respondent showed little or no willingness to participate in her case service plan, she did not find stable housing, and she did not find a legal and stable source of income. The children's great aunt has provided a stable home for the children since the time of their removal, she has stated that she wants to adopt the children, and her willingness to

pursue adoption of the children will provide permanency. The trial court did not err by concluding that termination of respondent's parental rights was in the children's best interests.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause