# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* S L PROFROCK, Minor.

UNPUBLISHED
March 12, 2015

No. 322667
Oscoda Circuit Court
Family Division
LC No. 14-000577-NA

Before: JANSEN, P.J., and METER and BECKERING, JJ.

PER CURIAM.

Respondent appeals by delayed leave granted[1] the order terminating his parental rights to the child at issue, SLP, under MCL 712A.19b(3)(f) (failure to support and communicate with minor). We affirm.

Respondent and SLP's mother lived in North Dakota before SLP was born. SLP's mother testified that respondent was injured while working in the oil fields in 2008 and was thereafter unable to work. In February 2011, SLP was removed from the home in North Dakota due to unsuitable living conditions. Petitioner, respondent's mother, was granted a guardianship over SLP and brought SLP to live with her in Michigan. Respondent was subsequently incarcerated in North Dakota until 2013. The prison's records showed that respondent had a job in prison and earned a modest income, that he spent money on personal items, and that money was taken from him for misconduct. He never sent any money to petitioner for SLP.

Petitioner testified that respondent called her from prison on various occasions, invariably yelling at her and asking for money, which she sent him several times. She testified that he never asked about SLP or to talk to her. At some point, petitioner stopped answering his calls, weary of the constant yelling and requests for money. However, petitioner testified that respondent later attempted to contact SLP on two occasions. Specifically, on or about Labor

---

[1] Respondent did not file a timely claim of appeal in this matter. On August 18, 2014, this Court, on its own motion, and in lieu of dismissing the claim of appeal because it was not timely filed, treated the claim of appeal as a delayed application for leave to appeal and granted the application. *In re S L Profrock Minor*, unpublished order of the Court of Appeals, entered August 18, 2014 (Docket No. 322667).

-1-

Day 2013, he sent SLP a card, and in December 2013, he left a message on petitioner's phone attempting to contact SLP.

Respondent was again incarcerated in early 2014. Petitioner subsequently filed a petition to terminate respondent's parental rights pursuant to MCL 712A.19b(3)(f). Following a hearing at which respondent chose not to attend despite having the ability to attend by telephone, the trial court agreed that termination was appropriate. Regarding respondent's ability to support or assist in supporting SLP, the court found that respondent could have provided money he earned in prison for SLP, that he failed to seek employment when he was released from prison, and that there was no evidence that he was disabled and therefore unable to work. Regarding respondent's contact with SLP, the court found that although respondent could have kept in contact with SLP, he neglected to do so. The court also found that termination of respondent's parental rights was in SLP's best interests.

Respondent argues that the trial court erred in finding that grounds for termination had been established under MCL 712A.19b(3)(f). "We review for clear error a trial court's finding of whether a statutory ground for termination has been proven by clear and convincing evidence." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id.* (citation and quotation omitted).

MCL 712A.19b(3) provides in pertinent part that a court may terminate a respondent's parental rights to his child if the court finds the following by clear and convincing evidence:

> (f) The child has a guardian under the estates and protected individuals code, 1998 PA 386, MCL 700.1101 to 700.8206, and both of the following have occurred:

> (*i*) The parent, having the ability to support or assist in supporting the minor, has failed or neglected, without good cause, to provide regular and substantial support for the minor for a period of 2 years or more before the filing of the petition or, if a support order[2] has been entered, has failed to substantially comply with the order for a period of 2 years or more before the filing of the petition.

> (*ii*) The parent, having the ability to visit, contact, or communicate with the minor, has regularly and substantially failed or neglected, without good cause, to do so for a period of 2 years or more before the filing of the petition.

---

[2] It was never alleged that there was a support order in this case; instead, petitioner alleged, and the trial court found, that respondent had the ability to support or assist in supporting the child, and that he failed, without good cause, to do so.

Regarding § 19b(3)(f)(*i*), respondent argues that there was insufficient evidence to show that he had the ability to support or assist in supporting SLP because he was disabled. Although SLP's mother testified that respondent was injured in 2008 and thereafter received worker's compensation, there was no indication that respondent was permanently disabled. To the contrary, it was uncontroverted that respondent was working while in prison. Although it is unclear what kind of work he was performing, this cuts against the assertion that respondent was unable to do any work after 2008. Furthermore, the fact that respondent had a job while in prison supports the trial court's conclusion that he had at least some ability to assist in supporting SLP by sending petitioner money he was earning. Although respondent's income in prison was limited, the record is uncontroverted that respondent failed to make *any* contributions to the child or petitioner. In addition, despite claiming to be disabled, respondent never sought Social Security disability benefits. Thus, the evidence showed that respondent neglected to offer any support for SLP, even though he could have done so. The trial court's finding on this matter was not clearly erroneous.

Regarding MCL 712A.19b(3)(f)(*ii*), the evidence of record shows that respondent only tried to contact SLP on two occasions over the course of three years. Respondent argues that he tried to contact petitioner "on numerous occasions, but his calls were ignored and/or refused . . . ." Respondent is correct that petitioner admitted that she stopped answering his calls. However, she testified that she did so "because he only just ever asked for money and screamed and yelled at" her. Petitioner testified that before she stopped answering his calls, respondent never asked about SLP or requested to talk to her. Moreover, making contact by telephone was not the only means available to respondent for communicating with SLP, and, with the exception of sending one card, respondent never availed himself of any other means of communicating with SLP. Under these circumstances, the trial court did not clearly err in finding that respondent had the ability but failed to maintain contact with SLP, without good cause for failing to do so for two or more years before the filing of the petition.

In addition, although respondent does not challenge the trial court's best interests finding, we conclude, on the record before us, that the trial court did not clearly err in finding that termination was in SLP's best interests.

Affirmed.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Jane M. Beckering

-3-