# STATE OF MICHIGAN

# COURT OF APPEALS

In re TOLLEY, Minors.

UNPUBLISHED
June 11, 2015

No. 324085
Wayne Circuit Court
Family Division
LC No. 09-487056-NA

In re TOLLEY, Minors.

No. 324087
Wayne Circuit Court
Family Division
LC No. 09-487056-NA

Before: JANSEN, P.J., and SAWYER and FORT HOOD, JJ.

PER CURIAM.

In these consolidated appeals, respondents appeal as of right from the trial court order terminating their parental rights to the minor children pursuant to MCL 712A.19b(3)(b)(*i*), (b)(*ii*), (g), (j), and (k). We affirm.

Petitioner filed a petition for permanent custody on April 2, 2014, in regard to respondents' five minor children. At a bench trial, respondents pled no contest to the allegations in the petition, thus stipulating to jurisdiction and to the court's determination that the statutory grounds for termination existed. The court proceeded with a best interests hearing, and ultimately found that termination was in the children's best interests. Respondents appeal.

Respondent-father first argues that petitioner failed to make reasonable efforts for reunification. "The adequacy of the petitioner's efforts to provide services may bear on whether there is sufficient evidence to terminate a parent's rights." *In re Rood*, 483 Mich 73, 89; 763 NW2d 587 (2009). Here, however, the agency was under no obligation to provide reasonable efforts where termination of parental rights was the agency's goal. *In re HRC*, 286 Mich App 444, 463; 781 NW2d 105 (2009). Because petitioner sought termination at the initial dispositional hearing, it was not required to make reasonable efforts to work with respondent-father toward reunification. Nevertheless, in its written findings of fact, the trial court specifically found that petitioner made reasonable efforts to rectify the conditions causing

-1-

removal. Further, the record reveals that after children were removed from respondent-father's care, petitioner agreed to offer respondent-father drug screens and would have provided bus tickets had he requested them timely. The foster care worker further testified that defendant was not able to engage in more services because he was incarcerated in the midst of the proceedings, and he did not contact or update her on his status or progress. Thus, we do not agree that petitioner failed to make reasonable efforts in this case.

Respondents both argue that termination was not in the children's best interests. Once a statutory ground for termination is established, the trial court shall order termination of parental rights if it finds by a preponderance of the evidence that termination is in the child's best interests. MCL 712A.19b(5); *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The trial court's best-interest decision is reviewed for clear error. MCR 3.977(K); *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000).

In this case, termination of respondents' parental rights was in the children's best interests. Two of respondents' children sustained unexplained rib fractures while in respondents' care. Respondent-mother admitted that she had recently been convicted of possession of marijuana but failed to appear in court for sentencing. Respondent-mother also had a problem with drug abuse, anxiety, and depression. Respondent-father's criminal history included multiple, recent convictions involving stolen property, domestic violence, and drugs, and he was on probation at the time of the hearing. Respondent-father agreed to provide drug screens, but failed to do so. Further, respondents did not have sufficient employment or suitable housing for the children. Given all of their issues, respondents were not able to provide a safe or suitable home environment for the children.

Respondent-mother's claim that termination of her parental rights was premature is unpersuasive. Respondent-mother relies primarily on the Clinic for Child Study recommendation that she be given six months to work on a treatment plan. However, other evidence was presented to support the trial court's holding, and based on the entire record we do not agree that termination was premature. The children were adjudicated temporary court wards in 2009 due to physical abuse. The family was provided services and jurisdiction was dismissed in July 2010. In April 2014, the children were again placed in protective care when another child was found to have unexplained rib fractures similar to the injuries sustained in their earlier case. Additionally, respondent-mother had continuing issues with substance abuse, mental health issues, and homelessness. Given the severity of the abuse, the fact that the abuse was repeated after services were provided, and the existence of other significant issues, termination of parental rights was not premature.

Respondents both argue that the trial court did not address the fact that the children were placed with relatives. Generally, "[a] trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012). Respondents' claim is unsupported by the record, which shows that the trial court explicitly addressed the children's placement with relatives. At the hearing, the court referenced that the children were placed with relatives, and in

its written order the court stated that it took into account the relative placement in finding that it was in the children's best interests that respondents' parental rights be terminated. Accordingly, we conclude there was no error in this regard.

Affirmed.

/s/ Kathleen Jansen
/s/ David H. Sawyer
/s/ Karen M. Fort Hood