# STATE OF MICHIGAN

# COURT OF APPEALS

In re PIERSON/BERRY, Minors.

UNPUBLISHED
September 20, 2016

No. 328675
Jackson Circuit Court
Family Division
LC No. 02-002014-NA

AFTER REMAND

Before: TALBOT, C.J., and HOEKSTRA and SHAPIRO, JJ.

PER CURIAM.

Respondent mother appeals as of right the trial court's order terminating her parental rights to five minor children, NP, MB, RBI, RBII, and AB. In an earlier decision, we affirmed the trial court's prior order with respect to its conclusion that statutory grounds for termination had been proven by clear and convincing evidence, but vacated the trial court's best-interests determination and remanded for further proceedings.[1] After conducting an evidentiary hearing, the trial court provided a clear ruling explaining why it found termination of respondent mother's parental rights was in the best interests of the children, and entered an order terminating respondent mother's parental rights. We affirm.

If a trial court "finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made."[2] In this matter, the only question remaining is whether the trial court's best-interests

---

[1] *In re Pierson/Berry*, unpublished opinion per curiam of the Court of Appeals, issued April 26, 2016 (Docket No.'s 328599 and 328675). Specifically, we found that the trial court had not articulated its best-interests determination with sufficient clarity to allow meaningful appellate review. *Id*. at 7-8. We also found that it was appropriate to provide respondent mother the opportunity to present evidence and argument, given that her counsel had essentially forfeited the question of whether termination was in the children's best interests after the trial court made comments suggesting that the issue was decided before it reached that stage of the proceeding. *Id*. at 6-8.

[2] MCL 712A.19b(5).

decision was erroneous. "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence."[3]  When making this determination, the trial court may consider a variety of factors, including "the child's bond to the parent," "the parent's parenting ability," the "need for permanency, stability, and finality," and "the advantages of a foster home over the parent's home[.]"[4]  We review a trial court's finding that termination of parental rights is in the best interests of the children for clear error.[5]  Clear error exists if, after reviewing the entire record, we are left with a definite and firm conviction that a mistake has been made.[6]  "This Court gives deference to a trial court's special opportunity to judge the weight of the evidence and the credibility of the witnesses who appear before it."[7]

After hearing additional testimony from the caseworker assigned to this matter and from respondent mother, and considering the arguments of counsel, the trial court considered the appropriate factors.  The trial court found that respondent mother was not compliant with its orders and had not addressed her shortcomings as a parent.  The trial court did not believe that respondent mother had addressed problems with impulse control and anger, which would place the children in harm's way if they were returned to her care.  And while respondent mother had testified that she was bonded to the children, the trial court, relying on the testimony of the caseworker, found that the bond between the children and respondent mother was not strong. The trial court also explained that the children had been in care for approximately three years and needed a stable living environment.  The children were placed together with foster parents that had proven able to take care of their needs, some of which require specialized medical or other attention.  These foster parents wished to adopt all five children, meaning that the children could live together in a loving and stable environment for the foreseeable future.

Respondent mother apparently does not contest these specific findings.  Her sole argument on appeal states:

> Even assuming the underling [sic] factual findings of the trial court, [respondent mother] asserts that the trial court reversibly erred in concluding that the involved children's best interests are served by termination.
>
> Adopting by reference [trial counsel]'s argument below . . . where is the harm?  Here[,] the potential, *speculative*, risk of harm to the children, *if any*, should not weigh heavy enough to break the natural (and constitutionally protected) bond of parentage – it is clearly not in the best interest of these children to lose their natural mother.

---

[3] *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013).

[4] *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012).

[5] *Id*. at 40-41.

[6] *Id*. at 41.

[7] *In re TK*, 306 Mich App 698, 710; 859 NW2d 208 (2014).

Respondent mother fails to address the factors relevant to the best-interest determination – factors specifically and articulately addressed by the trial court. Rather, she essentially asks this Court to ignore the trial court's findings and reverse its decision because she believes the risk of harm to the children is merely speculative. We decline to do so. It takes no speculation to conclude that five siblings, who have been in foster care for several years, would be best served by remaining together with a family that has proven well-able to care for their needs, rather than being returned to a parent, to whom the children are not bonded, and who has been unable to address the issues that negatively affect her ability to parent her children. We find no clear error in the trial court's best-interests determination.

Affirmed.

/s/ Michael J. Talbot
/s/ Joel P. Hoekstra
/s/ Douglas B. Shapiro