# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PHELPS, Minors.

UNPUBLISHED
October 10, 2016

No. 332762
Kent Circuit Court
Family Division
LC Nos. 13-052802-NA
          13-052803-NA

Before: SAWYER, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Respondent appeals as of right the circuit court's order terminating his parental rights to the minor children pursuant to MCL 712A.19b(3)(c)(*i*) and (g).[1] We affirm.

The two children at issue in this case, along with their older sister, were removed from respondent's care in September 2013 based on allegations of neglect, domestic violence, substance abuse, and unstable housing.[2] Over the next two-and-a-half years, respondent was provided a variety of services that were intended to improve his parenting skills, substance abuse issues, social support, housing and employment situations, and resource availability. To his credit, respondent successfully completed an inpatient treatment program addressing his substance abuse and was permitted up to four parenting-time sessions per week. However, respondent largely struggled to both participate in and benefit from the other services that were provided. According to two foster care case managers that were assigned to this case, respondent was never able to obtain consistent and suitable housing or employment, consistently testified positive for oxycodone and hydrocodone while participating in therapy at a methadone clinic, failed to complete homework that he was assigned in lieu of services while hospitalized, struggled to parent the children during parenting-time sessions, and continuously refused to take responsibility for his role in the children's trauma. A supplemental petition seeking the

---

[1] The parental rights of the children's mother were also terminated and are not at issue in this appeal.

[2] The children's sister is no longer involved in these proceedings because of her age and is not involved in this appeal.

termination of his parental rights was thus filed in February 2016, and respondent's parental rights were terminated two months later. This appeal followed.

On appeal, respondent first argues that the circuit court's statutory-grounds determination is clearly erroneous because he has consistently made progress throughout this case. Specifically, he claims that he has completed every aspect of the parent-agency agreement except that involving housing, arguing specifically that he has made a good-faith effort to obtain housing but "no housing ever came from the program." Second, respondent argues that the circuit court's best-interests determination is clearly erroneous because he and the children shared a bond as well as because "he was stable and could have established housing within a short time, if not immediately." We disagree in both respects.

Pursuant to MCL 712A.19b(3), a trial court may terminate a parent's parental rights if it finds that at least one of the statutory grounds has been established by clear and convincing evidence. Petitioner bears the burden of proving at least one statutory ground. MCR 3.977(A)(3); *In re Trejo Minors*, 462 Mich 341, 350; 612 NW2d 407 (2000). We review a trial court's finding that a statutory ground has been established for clear error. *In re Rood*, 483 Mich 73, 91; 763 NW2d 587 (2009). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013) (citation and internal quotation marks omitted). To be clearly erroneous, a factual finding must be more than maybe or probably wrong. *In re Williams*, 286 Mich App 253, 271; 779 NW2d 286 (2009).

The circuit court terminated respondent's parental rights pursuant to MCL 712A.19b(3)(c)(*i*) and (g), which provide as follows:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:
>
> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.
>
> * * *
>
> (g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

Applying those rules to the facts of this case, we are not left with a definite and firm conviction that a mistake was made with regard to the circuit court's statutory-grounds determination. There was clear and convincing evidence to support the circuit court's decision with respect to both statutory subsections. Primarily, respondent's failure to obtain consistent housing and employment rendered him unable to provide the security and permanency that the children needed. The record reflects that respondent's employment was constantly changing. The record also reflects that respondent made little to no progress in pursuing adequate housing, and this was true despite the fact that he was provided housing services, including, most notably, financial assistance. This case was pending for more than two years, and, while we acknowledge that respondent did make progress in several avenues, it is clear that he did not obtain consistent employment or adequate housing. See *In re Dahms*, 187 Mich App 644, 647; 468 NW2d 315 (1991) (providing that the Legislature did not intend that children be left in foster care indefinitely if the conditions that led to the proceedings were not rectified in a *reasonable* time). Thus, the circuit court's statutory-grounds determination was not clearly erroneous.

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012), citing MCL 712A.19b(5); MCR 3.977(E)(4). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *Moss*, 301 Mich App at 90. Trial courts should consider all available evidence in making this determination. *Trejo*, 462 Mich at 356. Relevant factors to be considered include the bond between the child and the parent, the parent's ability to parent, the child's need for permanency and stability, the advantages of the foster home over the parent's home, and any other relevant factors. *Olive/Metts*, 297 Mich App at 41-42.

Applying those rules to the facts of this case, we are not left with a definite and firm conviction that a mistake was made with regard to the circuit court's best-interests determination either. While the record clearly supports the idea that respondent and the children shared a bond, it also demonstrates that the children were growing increasingly frustrated with respondent's inability to successfully have them returned to his care. Indeed, the children had been in foster care for more than two years, and testimony presented at the termination hearing reflects that permanency and stability were needed as soon as possible given the children's ages. The children were thriving in foster care, and, as discussed above, respondent remained unable to secure consistent housing or employment in order to provide for the children. Thus, the circuit court's best-interests determination was not clearly erroneous.

Affirmed.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Colleen A. O'Brien