*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* EVERSOLE, Minors.

UNPUBLISHED
September 03, 2025
8:56 AM

No. 370415
Oakland Circuit Court
Family Division
LC No. 2021-883444-NA

Before: BORRELLO, P.J., and M. J. KELLY and TREBILCOCK, JJ.

PER CURIAM.

The trial court terminated respondent's parental rights to CLE, AE, ABE, and LME on three statutory grounds: the conditions that led to adjudication continued to exist more than 182 days after initial disposition (MCL 712A.19b(3)(c)(*i*)), respondent was financially able to care for her children but failed to do so (MCL 712A.19b(3)(g)), and there was a reasonable likelihood of harm if the children returned to her (MCL 712A.19b(3)(j)). Because the trial court did not clearly err in determining respondent failed to meaningfully change the conditions that led to initial disposition, we affirm on that basis alone.

## I. FACTS AND PROCEDURAL HISTORY

Respondent's long-time domestic partner physically assaulted her, CLE, and LME. He was charged with four counts of third-degree child abuse and eight counts of domestic violence and ordered to have no contact with any minors or respondent. The Department of Health and Human Services (DHHS) then successfully petitioned to suspend his parenting time.

Yet, respondent stayed in contact with him and gave him access to the children. So DHHS amended its petition, requesting that the children be removed from her care. The trial court placed them with relatives and ordered respondent to participate in substance-abuse services and therapy, attend drug and alcohol screens, take parenting classes, develop a safety plan to protect herself and her children from domestic violence, obtain and maintain housing, maintain a legal source of income, and improve her self-esteem and mental health.

-1-

Respondent did not comply. Most notably, respondent neither secured appropriate housing nor took advantage of the many resources provided to help her do so. She did not attend the majority of her drug screens and tested positive for marijuana when she did. Additionally, she did not participate in therapy or complete parenting education. Respondent opted to only attend once a week instead of the offered twice a week and still missed many of her parenting times. She also—despite the no-contact order—continued to see her partner, including by working with him for several months. Though she did attend some domestic-violence counseling, she did not complete it, and provided conflicting information on whether the abuse she and the children suffered from was a one-time incident or recurring (despite evidence indicating the latter). Based on these and other facts, the trial court terminated respondent's parental rights.

## II. TERMINATION OF PARENTAL RIGHTS

Respondent claims error with all three statutory grounds for termination. Although the trial court terminated respondent's parental rights for several reasons, we focus on its conclusion that more than 182 days have passed since the initial dispositional order, that the conditions leading to the adjudication continue to exist, and that there was not a reasonable likelihood that the conditions would be remedied in a reasonable amount of time. MCL 712A.19b(3)(c)(*i*). Conditions continue to exist when the totality of the evidence supports a finding that there has not been a meaningful change in the conditions that led to the trial court taking jurisdiction over the children. *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009). This Court reviews the trial court's findings that there are statutory grounds to terminate parental rights for clear error. *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). Factual findings are clearly erroneous when this Court has a firm and definite conviction that a mistake has been made. *Id*. at 709-710.

The trial court properly held that there was a ground to terminate respondent's parental rights to her children under MCL 712A.19b(3)(c)(*i*). First, it is undisputed that more than 182 days have passed since the initial dispositional order was entered in this case. Next, the children were initially removed from respondent's care because she failed to provide proper care and support and her home was an unfit place for the children to live. When the trial court terminated respondent's parental rights, there had not been a meaningful change to those conditions. *Williams*, 286 Mich App at 272.

Respondent's children needed stability and permanency, and long-term housing would have provided just that. Having to move between various short-term housing options utilized by respondent—like at a hotel or with friends or family—would not suffice, especially if they had to change school districts or doctors. Long-term housing would also allow respondent to invest in safety and mobility aids for LME and CLE, such as locks and ramps—the former would try to escape and the latter is wheelchair-bound.

Yet, respondent did not secure long-term housing. True, she agreed to look for available housing, but she undertook little efforts to secure long-term housing—respondent, for example, received multiple referrals for organizations that could provide housing assistance and did not follow up, and she neither completed Section 8 paperwork nor maintained her spot in line. It was reasonable for the trial court to believe that, given even more time, respondent would still not secure long-term housing for she had not shown motivation to find housing when she was being provided with support, let alone on her own.

She additionally failed to meaningfully improve her ability to provide proper care and support, *id*., or comply with her parent-agency agreement, *In re Kaczkowski*, 325 Mich App 69, 77; 924 NW2d 1 (2018). Respondent participated in, but did not complete, parenting education. She opted for one parenting time a week instead of the two she was offered, and still missed multiple parenting times. And at her parenting times, she struggled to provide her children with equal attention and did not think she was responsible for their safety. Respondent did not attend the majority of her children's medical appointments and individualized education program meetings. Her failure to engage in her parenting times suggests a lack of care and creates a concern that she would not be engaged with her children if they were reunited. And respondent's difficulty managing all four children coupled with her lack of parenting education indicates that respondent would continue to struggle with providing proper care.

Magnifying this difficulty is that the four children have special needs—three have a mitochondrial disease, which manifests in varying, severe ways, and the fourth has attention deficit hyperactivity disorder. Raising four children with special needs is undoubtedly difficult, but respondent's lack of attendance at her children's medical appointments and school meetings supports the trial court's finding that she did not meaningfully improve her ability to provide proper care and support upon reunification.

Finally, respondent waited until the final termination hearing to raise issues concerning the suitability of her children's placements. That delay further supports the trial court's decision, reflecting that she did not take proactive steps to protect her children if they were returned to her care.

Accordingly, the trial court did not err in holding that termination of respondent's parental rights was appropriate under MCL 712A.19b(3)(c)(*i*). And because termination on the basis of MCL 712A.19b(3)(c)(*i*) was appropriate, *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013), we decline to address the other statutory grounds raised by respondent.

### III. CONCLUSION

For these reasons, we affirm the trial court's judgment.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Christopher M. Trebilcock

-3-