# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* B.M. STRUBLE, Minor.

UNPUBLISHED
March 31, 2015

No. 323345
Calhoun Circuit Court
Family Division
LC No. 2014-000995-NA

Before: JANSEN, P.J., and METER and BECKERING, JJ.

PER CURIAM.

Respondent father appeals by right the trial court's order terminating his parental rights to the minor child at the initial dispositional hearing pursuant to MCL 712A.19b(3)(b)(*i*), (g), (h), (j), (k)(*ii*) and (n)(*i*). We affirm.

The proceedings in this case stemmed from respondent's convictions, on March 11, 2013, of two counts of second-degree criminal sexual conduct, MCL 750.520c(1)(a), for acts perpetrated upon the minor child, his biological daughter. On April 8, 2013, respondent was sentenced to concurrent terms of 36 to 180 months' imprisonment. Thereafter, on April 3, 2014, a petition seeking jurisdiction over the minor child and termination of respondent's parental rights was filed. A preliminary hearing was held on May 1, 2014, followed by a combined adjudication trial and dispositional hearing on July 30, 2014. At the July 30 proceedings, a Children's Protective Services (CPS) worker testified regarding respondent's convictions and opined that termination of respondent's parental rights was in the child's best interests despite the fact that the child was placed with her mother.[1] The trial court subsequently issued its ruling on the record, finding clear and convincing evidence to prove the statutory grounds listed above because respondent was convicted of criminal sexual conduct perpetrated against the child. The trial court further found that termination of respondent's parental rights was in the child's best interests. An order terminating respondent's parental rights was entered following the hearing. Respondent now appeals.

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). We review for clear

---

[1] The child's mother was not a respondent in this case.

error the trial court's determination that a statutory ground has been proven by clear and convincing evidence. MCR 3.977(K). " 'A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses.' " *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013) (citation omitted). "Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "[W]hether termination of parental rights is in the best interests of the child must be proven by a preponderance of the evidence." *In re Moss*, 301 Mich App at 90. The trial court's finding in this regard is also reviewed for clear error. MCR 3.977(K).

Respondent first argues that the trial court clearly erred by finding that at least one of the statutory grounds for termination was proved by clear and convincing evidence. We disagree. At the outset, we note that while respondent challenges the trial court's determinations with respect to MCL 712A.19b(3)(b)(*i*), (g), (h), (j), and (k)(*ii*), he offers no challenge to the trial court's determination under MCL 712A.19b(3)(n)(*i*). Because termination of parental rights need only be supported by a single statutory ground, *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009), respondent's failure to challenge the trial court's findings with respect to MCL 712A.19b(3)(n)(*i*) precludes appellate relief with respect to the existence of a statutory ground for termination, see *In re JS & SM*, 231 Mich App 92, 98-99; 585 NW2d 326 (1999), overruled in part on other grounds by *In re Trejo*, 462 Mich 341, 353; 612 NW2d 407 (2000). In any event, upon a review of the record, we conclude that the trial court did not clearly err by relying on that statutory ground for termination. That statute provides that termination is proper when the parent has been convicted of one or more enumerated felonies and the trial court determines that continuation of the parent-child relationship "would be harmful to the child." MCL 712A.19b(3)(n)(*i*). The uncontradicted evidence in this case showed that respondent was convicted of two counts of second-degree criminal sexual conduct, MCL 750.520c, an enumerated felony under MCL 712A.19b(3)(n)(*i*). Moreover, the trial court plainly found that continuing the parent-child relationship would be injurious to the child because of the likely harm the child would suffer if returned to respondent's care. Because only one statutory ground need be proved, *In re HRC*, 286 Mich App at 461, we do not address the additional grounds relied upon by the trial court.

Respondent additionally argues that the trial court clearly erred by finding that termination of his parental rights was in the child's best interests. See MCL 712A.19b(5). We disagree. In this case, the CPS worker testified that, in his opinion, termination was in the child's best interests because of respondent's criminal sexual conduct convictions and the likely harm the child would suffer if returned to respondent's care. The worker maintained this opinion even though the child was currently placed with her mother. The guardian ad litem concurred with this opinion. We conclude that the trial court's best-interests determination was supported by a preponderance of the evidence. The fact that respondent was convicted of two counts of second-degree criminal sexual conduct for acts perpetrated against the child, standing alone, was clearly sufficient to prove that termination was in the child's best interests. The trial court was clearly aware that the child was placed with her mother, but nonetheless determined that severing respondent's parental rights would be in the child's best interests. We perceive no error in this determination. See *In re Moss*, 301 Mich App at 80.

Affirmed.

/s/ /Kathleen Jansen
/s/ Patrick M. Meter
/s/ Jane M. Beckering
