# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CURNS, Minors.

UNPUBLISHED
August 20, 2015

No. 326081
Clare Circuit Court
Family Division
LC No. 14-000079-NA

Before: OWENS, P.J., and SAAD and GADOLA, JJ.

PER CURIAM.

Respondent appeals the trial court's order that terminated her parental rights to her children, EC and AC, pursuant to MCL 712A.19b(3)(i) and MCL 712A.19b(3)(l). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

The Department of Health and Human Services ("DHHS" or "the Department") filed a petition for temporary custody over the minor children in October 2014, because respondent—who has a long history of substance abuse and has had her parental rights to other children terminated in the past[1]—was pulled over in a vehicle that contained materials for producing methamphetamine. This traffic stop led to the search of her home, which she shares with her husband Kenneth Husted.[2] During the search, the police found methamphetamine, and equipment and supplies used to produce the drug. Respondent claimed that she did not know whether Kenneth manufactured methamphetamine in the house, and that she did not think Kenneth used drugs in the home.

Accordingly, the Department's petition noted that respondent: (1) made her residence an unsafe environment for children by allowing it to be a meth house; (2) continued to use drugs

---

[1] Specifically, respondent's parental rights to two other children, JD and LD, were terminated in 2006 because of respondent's extensive substance abuse. The facts of that case closely parallel the facts of the instant action: the Department sought to protect JD and LD because of respondent's drug use, and, despite the provision of extensive services from the state to help respondent overcome these problems, she was not able to overcome her addiction.

[2] Kenneth is not the minor children's biological father.

-1-

along with her husband; and (3) had a "toxic" relationship with her husband that had a negative impact on the children.[3] The trial court granted the petition and placed the children with Kenneth's sister (who is not related to them by blood), but eventually moved them to their maternal grandmother's home.

Over the next few months, the Department attempted to help respondent combat her substance abuse by providing treatment services, and respondent appeared to have a job that she maintained. However, she continued to use drugs and failed to improve the condition of her home, which still remained a meth den in poor condition, with security issues and other safety problems. She also became uncooperative with Department workers and frequently missed parenting time.

The trial court assumed jurisdiction over the children in January 2015 based on respondent's: (1) previously terminated parental rights to another child; (2) extensive history of and continued problems with substance abuse; (3) lack of participation in the prior proceedings; and (4) methamphetamine-related traffic stop and the fact that her home was used for methamphetamine production. The court noted that it assumed jurisdiction over the children with the knowledge that one of them had expressed her wish not to be separated from her mother.[4]

Later in January 2015, DHHS sought to terminate respondent's parental rights based on the above. At the termination hearing, the trial court heard testimony from a Child Protective Services employee and a foster-care worker, both of whom recommended termination, and the children's maternal grandmother, who asked the court to preserve respondent's parental rights. Respondent did not testify because she arrived to the hearing approximately two hours after the hearing began, at which time the trial court was ready to issue its decision.

Based on the above facts and testimony, the trial court terminated respondent's parental rights pursuant to MCL 712A.19b(3)(i) and (l).[5] The court then held that termination was in the

---

[3] Respondent acknowledged as much, and stated that in 2014, she and Kenneth had a "rough two years" that involved "a lot of arguing." She also noted that she relapsed into methamphetamine use in July 2014, and used the drug "maybe twice" per month. A drug test administered in early October 2014 confirmed respondent's drug use, as she tested positive for methamphetamine, amphetamine, and ephedrine.

[4] EC and AC are older than the children our Court usually sees in a termination of parental rights appeal—they are 17 and 16, respectively. Notwithstanding EC's desire to remain in contact with her mother, the foster-care worker testified at the termination hearing that both EC and AC did not understand "why [respondent] would continue to use substances and choose not to visit them."

[5] MCL 712A.19b(3)(i) and (l) authorize a court to terminate a respondent's parental rights when:

> (i) Parental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and prior attempts to rehabilitate the parents have been unsuccessful.

best interests of the children because of respondent's ongoing problems and refusal to demonstrate that her children, as opposed to her drug habit, are her first priority.

On appeal, respondent argues that the trial court erred when it found that termination was in the best interests of the children. The Department asks us to affirm the trial court's decision.

## II. STANDARD OF REVIEW

"We review for clear error . . . the court's decision regarding the child's best interest under MCL 712A.19b(5)." *In re Olive/Metts*, 297 Mich App 35, 40-41; 823 NW2d 144 (2012). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed." *In re Campbell*, 170 Mich App 243, 253-254; 428 NW2d 347 (1988).

## III. ANALYSIS

When a trial court determines whether termination of parental rights is in a child's best interests, it looks to, among other things: "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App at 41-42 (citations omitted). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013).

Here, in its consideration of the children's best interests, the trial court properly considered the children's need for "permanency, stability, and finality," and respondent's lack of parenting ability. Respondent, despite the fact that she has lost her parental rights before—again, her rights to two of her other children were terminated in 2006—has failed to change her destructive behavior in the intervening years. According to the testimony provided by the social workers who have been involved in this case, and even respondent's own mother, respondent continues to abuse drugs, frequently skipped parenting time, and failed to take advantage of the services provided by the state to help her overcome her substance abuse and improve her parenting skills. Moreover, respondent's home, which respondent allowed her husband to use as a methamphetamine production facility, is hardly a safe environment for children.

Respondent's arguments that the trial court failed to consider EC and AC's placement with a relative in its determination of their best interests are flatly contradicted by the record. In fact, the trial court explicitly noted that its decision took "a great deal of consideration of the fact that [the children] are in relative placement," thus complying with the procedural requirements of *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010).

* * *

(l) The parent's rights to another child were terminated as a result of proceedings under [MCL 712A.2] or a similar law of another state.

-3-

Affirmed.

/s/ Donald S. Owens
/s/ Henry William Saad
/s/ Michael F. Gadola