# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* GUY, Minors.

UNPUBLISHED
September 17, 2015

No. 324518
Genesee Circuit Court
Family Division
LC No. 12-128565-NA

Before: RONAYNE KRAUSE, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

Respondent appeals as of right from the circuit court order terminating her parental rights to minor children O.G. and J.G. under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j). We affirm.

To terminate parental rights, a court must find clear and convincing evidence that one or more of the statutory criteria for termination have been met. *In re Rood*, 483 Mich 73, 101; 763 NW2d 587 (2009). This Court reviews a trial court's finding that statutory grounds for termination exist under the clearly erroneous standard. MCR 3.977(K); *In re Trejo*, 462 Mich 341, 356; 612 NW2d 407 (2000). "A finding of fact is clearly erroneous where the reviewing court is left with a definite and firm conviction that a mistake has been made." *In re Terry*, 240 Mich App 14, 22; 610 NW2d 563 (2000).

The statutory grounds for termination set forth in MCL 712A.19b(3)(c)(*i*), (g), and (j) were proven by clear and convincing evidence. MCL 712A.19b(3)(c)(*i*) permits termination where the conditions of the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time. MCL 712A.19b(3)(g) is established if the evidence shows that the parent, without regard to intent, fails to provide proper care or custody for the child, and there is no reasonable expectation that the parent will be able to provide proper care and custody for the child within a reasonable time, considering the child's age. MCL 712A.19b(3)(j) provides for termination of parental rights where "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent."

-1-

With respect to respondent, the conditions of the adjudication were essentially unsuitable housing, and respondent's drug use.[1] These conditions continued to exist at the time of the termination hearing 32 months later. The record contained clear and convincing evidence that respondent had failed to provide proper care and custody for the children throughout the pendency of the case. Respondent began living at Odyssey House, a substance abuse treatment facility, in December 2012. The children were returned to respondent's care at Odyssey House in August 2013. However, in October 2013, respondent left the Odyssey House with the children without contacting the Department of Human Services (DHS) and a few days later the children were removed from respondent's care. After filing for parental termination in November 2013, and at the termination hearing in February 2014, respondent claimed to be back at the Odyssey House. The termination was held in abeyance and children returned to respondent, but the court retained jurisdiction; however, respondent left the Odyssey House with the children again in April and May of 2014. When respondent left Odyssey House in May 2014 without consulting DHS, a relative informed petitioner that respondent "was in a trailer high and drunk with the children." The children were found in a trailer in deplorable conditions not with respondent, but instead with an unknown female. Once again, the children were removed from respondent and placed in foster care. In addition, the caseworker testified that she feared that the children would be physically neglected if returned to respondent's care because respondent had not shown an ability to care for the children financially, medically, or environmentally.

The evidence that respondent was living in another recovery house at the time of the permanent custody hearing showed that she remained unable to care for the children's financial and housing needs. Although at one point respondent achieved the highest level at Odyssey House, respondent did not actually graduate from the program. Moreover, the evidence established that respondent did not adequately benefit from the drug treatment she had been receiving. After a court order requiring a drug screen because respondent refused to submit to any, respondent tested positive for marijuana on September 20, 22, and 25 of 2014, which occurred during the on-going permanent custody hearing and after having been in drug treatment since at least December 2012. Although she explained that the positive drug screens in September were the result of one incident of marijuana use, the positive results indicate that respondent had not fully addressed her substance abuse. This evidence demonstrated that, in the 32 months the children were in care, respondent had not sufficiently benefited from the services she received. Pursuant to MCL 712A.19b(3)(c)(i), the conditions of adjudication continued and respondent would not be able to rectify the conditions in order to provide care and custody to the children within a reasonable time. Regarding MCL 712A.19b(3)(j), respondent was unable to provide proper care or custody for the children within a reasonable time given the children's young ages because respondent was unable to maintain stable housing at Odyssey House or on her own in the past 32 months. Lastly under MCL 712A.19b(3)(g), there is a reasonable likelihood the children would be harmed if returned to the respondent based on her positive drug tests and her inability to provide a stable home for the children. On the basis of this evidence,

---

[1] The father of the children had his parental rights terminated in a previous proceeding and is not a party in the current action.

the trial court properly concluded MCL 712A.19b(3)(c)(*i*), (g), and (j) were established by clear and convincing evidence.

However, the court clearly erred in finding that the statutory ground for termination set forth in MCL 712A.19b(3)(c)(*ii*) was proven by clear and convincing evidence. Neither petitioner nor the trial court specified any "other conditions" that caused the children to come within the court's jurisdiction and had not been rectified. Nonetheless, the error in finding this subsection established was harmless. This Court should affirm a termination order if it finds clear and convincing evidence of any statutory ground, regardless whether the lower court erred in finding sufficient evidence under other statutory grounds. *In re Huisman*, 230 Mich App 372, 384-385; 584 NW2d 349 (1998), overruled in part on other grounds, *In re Trejo*, 462 Mich at 352-353, n 10.

Once a statutory ground for termination has been proven, the trial court must find by a preponderance of the evidence that termination is in the child's best interests before it can terminate parental rights. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013); *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). This Court reviews a trial court's best-interest determination for clear error. *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009).

The record supports the trial court's finding that termination of respondent's parental rights was in the children's best interests. Respondent had not complied with her treatment plan and had not shown that she was able to care for the children. Thirty-two months after the court took jurisdiction, respondent was still not able to provide a safe and stable home for the children. The children were in and out of respondent's care throughout the case, admittedly causing the young children a great deal of trauma. Respondent did not have suitable housing and had recently tested positive on drug screens. The children were thriving in their foster homes. While there was evidence that respondent had a bond with the children, the evidence also established that she was unable to provide the stability they needed. Thus, the trial court did not clearly err in finding by a preponderance of the evidence that termination is in the child's best interests.

Affirmed.


/s/ Amy Ronayne Krause
/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens

-3-