# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* K. M. LING, Minor.

UNPUBLISHED
October 11, 2016

No.  332125
Oakland Circuit Court
Family Division
LC No.  2014-822996-NA

Before:  SAAD, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

Respondent father appeals as of right the order terminating his parental rights to his minor child, KL, pursuant to MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist), (g) (failure to provide proper care or custody), and (j) (reasonable likelihood that child will be harmed if returned to parent).  We affirm.

Respondent father first argues that the trial court erred when it failed to inquire regarding American-Indian heritage at the initial preliminary hearing pursuant to the Indian Child Welfare Act (ICWA), 25 USC 1901 *et seq*.  We agree, but hold that this error did not affect respondent father's substantial rights.

Respondent father failed to preserve the issue by raising it in the trial court.  See *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014).  While respondent father was not in attendance at the initial preliminary hearing, respondent mother did not raise the issue with the court and respondent father never raised the issue at any point during the proceedings.  Therefore this issue is not preserved for appeal.  See *id*.

Unpreserved issues are reviewed for plain error affecting the respondent's substantial rights.  *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999); *In re Utrera*, 281 Mich App 1, 8-9; 761 NW2d 253 (2008).  In order to avoid forfeiture of the issue, (1) error must have occurred, (2) the error must have been plain, i.e., clear or obvious, and (3) the plain error affected the respondent's substantial rights.  *Carines*, 460 Mich at 763.  This third requirement is satisfied if the respondent can demonstrate prejudice, i.e., that the error affected the outcome of the lower court proceedings.  *Id*.  If the respondent satisfies these three requirements, this Court will grant reversal when the plain error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings."  *Id*. at 763 (citations and quotation marks omitted; alteration in original).

-1-

MCR 3.965(B)(2) provides that at the preliminary hearing, "[t]he court must inquire if the child or either parent is a member of an Indian tribe." Respondent father is correct that the court failed to inquire if he, respondent mother, or KL is a member of an Indian tribe. As a result, the trial court committed plain error. However, respondent father is unable to demonstrate that he was prejudiced by this error, i.e., that it affected the outcome of the lower court proceedings. See *Carines*, 460 Mich at 763.

A review of the lower court file indicates that respondent father, respondent mother, and KL are not of American-Indian heritage, and thus, would not have been entitled to the added protections set forth in the ICWA. The initial petition for temporary custody states as follows: "[Respondent mother] explicitly stated that she does not have Native American ancestry on 6/5/2014, and that the child [KL] also [does] not." The petition also states, "[Respondent father] explicitly stated that he does not have Native American ancestry on 06/25/2014, and that the child [KL] also does not." Under the section entitled "Race," the petition simply states that KL is Caucasian, and there is no mention of any American-Indian heritage. The supplemental petition seeking termination of respondent father's parental rights only states that KL is "White." Furthermore, at no point during the various dispositional review and best-interest hearings did respondent father or his counsel indicate that he, respondent mother, or KL were of Native American ancestry. Indeed, respondent father does not claim in his brief on appeal that he has Native American ancestry or that KL has Native American ancestry.

Respondent argues that he is entitled to conditional reversal pursuant to the Michigan Supreme Court's decision in *In re Morris*, 491 Mich 81; 815 NW2d 62 (2012). However, *Morris* involved two situations in which the trial court had reason to know of a respondent's or child's American-Indian heritage and failed to ensure that the Indian tribe was notified of the proceedings in accordance with 25 USC 1912(a). *Id*. at 89. As noted above, the court in this case had no reason to know that any of the parties involved had American-Indian heritage, and thus, had no duty to ensure that any Indian tribe was notified of the proceedings. See *id*. Because respondent father has not demonstrated that the outcome of the proceeding would have been different, i.e., that the ICWA would have applied in this case, he is not entitled to a conditional reversal.

Respondent father next argues that the trial court erred when it ruled that termination of his parental rights was in KL's best interests. We disagree.

"We review for clear error the trial court's determination regarding the [child's] best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). At the beginning of respondent father's termination hearing, he waived his right to the statutory basis phase of the proceedings and entered a no-contest plea to the petition. A hearing was held with regard to the child's best interests. On appeal, respondent father again only argues that termination was not in KL's best interests.

After a statutory ground has been proven, the trial court must find that termination is in the child's best interests before terminating parental rights. MCL 712A.19b(5); MCR 3.977. Whether termination of parental rights is in the child's best interests must be proven by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). When determining whether termination is in a child's best interests, the court should consider

-2-

multiple factors. These factors include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re White*, 303 Mich App at 713 (quotation marks and citations omitted). The court may also consider the parent's history of domestic violence, compliance with a case service plan, visitation history, the child's well-being while in care, and the possibility of adoption. *Id*. at 714. Placement of the child with a relative weighs against termination and must be considered as part of the best-interest determination. *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012).

Several factors weighed against termination in this case. In regard to KL's bond with respondent father, respondent father testified that KL would be excited upon his arrival to visits and that they had a loving relationship. In addition, as the court acknowledged, KL was placed with a relative throughout the proceedings, a factor which weighs against termination when conducting the best-interest analysis. *In re Olive/Metts*, 297 Mich App at 43. Finally, as indicated in respondent father's brief on appeal, the psychologist who performed an evaluation of respondent father, and the lawyer-guardian ad litem (L-GAL) for KL, recommended against termination. In her psychological evaluation of respondent father, the court's clinical psychologist stated that termination would be premature in light of respondent father's insight into his drug addiction and his participation in weekly outpatient group therapy and Narcotics Anonymous meetings. In addition, the L-GAL recommended against termination on behalf of the minor child during closing arguments.

However, the court did not clearly err in concluding by a preponderance of the evidence that termination was in KL's best interests. Respondent father's parenting ability remained in question at the time of the best-interest hearing due to his ongoing substance abuse. Respondent father tested positive for narcotics as recently as December 1, 2015, which was *after* respondent father attended an inpatient rehabilitation program and only two months before the hearing. Additionally, while respondent father testified that he is employed, he was not able to afford child support. In regard to KL's need for permanency, stability and finality, she had been in the care of her grandmother for over 1 ½ years at the time of termination. KL never lived with respondent father or respondent mother and was in need of permanency, stability, and finality considering her young age. Further, respondent father failed to comply with his parent-agency agreement. As the court noted, respondent father had only completed 21 of 54 drug screens since September 2015 and tested positive as recently as December 2015. With regard to respondent father's visitation history, while respondent father attended the majority of his visitations and bonded with KL, he missed several sessions because of his drug addiction.

For the reasons discussed above, the court did not clearly err in ruling that termination was in KL's best interests. While respondent father did have a bond with KL, and KL was placed with a relative, the remaining factors weigh in favor of termination. Both respondent father's parenting ability and his compliance with the parent-agency agreement were lacking because of his continued drug use. Although respondent father made attempts at sobriety through both inpatient and outpatient programs, he missed the majority of the scheduled drug screens in the time leading up to the best-interest hearing and suffered a relapse less than two months before the best-interest hearing. Although both the psychologist and the L-GAL indicated that respondent should be given more time to rectify his substance abuse, the record establishes that respondent was given 1 ½ years to address his substance abuse and failed to

show any consistent progress leading up to the termination hearing. Therefore, the trial court did not clearly err in concluding by a preponderance of the evidence that termination was in KL's best interests.

Affirmed.

/s/ Henry William Saad
/s/ Kathleen Jansen
/s/ Michael J. Kelly