# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DAVIS, Minor.

UNPUBLISHED
December 15, 2016

No. 332799
Oakland Circuit Court
Family Division
LC No. 2013-812499-NA

Before: SAAD, P.J., and METER and MURRAY, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating his parental rights to a minor child pursuant to MCL 712A.19b(3)(c)(*ii*) (conditions other than those leading to adjudication continue to exist) and MCL 712A.19b(3)(g) (lack of proper care or custody). We affirm.

Respondent first argues that the trial court could not terminate his parental rights because he has a constitutionally protected interest in the care and custody of his child. Respondent failed to preserve this argument by raising it below, so our review is for plain error affecting substantial rights. *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014).

"The fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State." *Santosky v Kramer*, 455 US 745, 753; 102 S Ct 1388; 71 L Ed 2d 599 (1982). "When the State moves to destroy weakened familial bonds, it must provide the parents with fundamentally fair procedures." *Id*. at 753-754. However, once the petitioner presents clear and convincing evidence that persuades the court that at least one statutory ground to terminate parental rights exists, "the liberty interest of the parent no longer includes the right to custody and control of the children." *In re Trejo*, 462 Mich 341, 355; 612 NW2d 407 (2000), superseded in part on other grounds as stated by *In re Moss*, 301 Mich App 76, 83; 836 NW2d 182 (2013). "Once at least one ground for termination is proven[,] . . . the parent's interest in the companionship, care, and custody of the child gives way to the state's interest in the child's protection." *Id*. at 356. If the court finds that there are both grounds to terminate parental rights and that termination is in the child's best interests, "the court *shall* order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5) (emphasis added).

Respondent's argument implies that his constitutional right to the care and custody of his child is absolute. This is simply not the case; "[a] parent's right to control the custody and care of [his] children is not absolute, as the state has a legitimate interest in protecting the moral, emotional, mental, and physical welfare of the minor and in some circumstances neglectful parents may be separated from their children." *In re Sanders*, 495 Mich 394, 409-410; 852 NW2d 524 (2014) (quotation marks and citations omitted). Because petitioner presented clear and convincing evidence that at least one statutory ground to terminate parental rights existed (a fact that respondent does not even contest on appeal), "the liberty interest of [respondent] no longer includes the right to custody and control of the child[]." *In re Trejo*, 462 Mich at 355. Thus, respondent's argument is meritless.

Next, respondent argues that petitioner did not make reasonable efforts to reunite him with his child. "Generally, when a child is removed from the parents' custody, the petitioner is required to make reasonable efforts to rectify the conditions that caused the child's removal by adopting a service plan." *In re HRC*, 286 Mich App 444, 462; 781 NW2d 105 (2009). "Reasonable efforts to reunify the child and family must be made in all cases" except those involving certain aggravated circumstances. MCL 712A.19a(2); see also *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

Respondent argues that petitioner should have assisted him in finding a larger home. However, a caseworker at the termination hearing testified that respondent's housing was appropriate. Respondent's housing only became an issue at the best-interests hearing when the same caseworker reported that respondent had discarded all of his furniture. The transcript indicates that the caseworker's main concern was related to the lack of furnishings and not to the size of respondent's apartment. The caseworker explained that respondent used to be able to sleep on a couch in the living room (presumably leaving the bedroom for the child), but the caseworker stated that "there is no more couch." Admittedly, the referee referred to the "one bedroom apartment" in the best-interests report, but given the caseworker's testimony that respondent's housing *had* been appropriate before he discarded his couch, we simply cannot agree with respondent that petitioner should have assisted him in finding a larger home. In addition, even if respondent had had a larger home, we cannot find that this would have affected the outcome of this case, given the other issues present.

Respondent also asserts that he had transportation issues and petitioner should have provided him with more assistance aside from giving him bus tickets. However, respondent fails to provide support for his assertion that the failure to provide transportation assistance other than bus tickets constitutes a failure to provide adequate services, either generally or under the circumstances of this case. There was testimony that respondent had a knee problem, but respondent does not cite this as a reason why providing him with bus tickets was inadequate. In addition, respondent states that petitioner provided no in-home services, but he fails to indicate what those services should have been. An appellant cannot "assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

Respondent also argues that although a major issue in the case was substance abuse, the court "failed to consider that [respondent] completed a substance abuse evaluation, and was

generally drug free." Firstly, we note that a counselor testified that the workers at the drug treatment center respondent attended were "looking for him to be coming in less than daily" for methadone treatment. The record also includes evidence of alcohol use by respondent, despite his having been told by the court to abstain from alcohol. In any event, respondent simply does not argue on appeal that petitioner failed to provide adequate reunification services by failing to refer him for a substance abuse evaluation or substance abuse counseling and does not make an appellate argument against the findings regarding statutory grounds or best interests. His briefing is inadequate. *Mitcham*, 355 Mich at 203.

Respondent also argues that the court improperly considered the two-year period that the child was in foster care. This issue is "not properly presented for review because it is not within the scope of the questions presented." *People v Albers*, 258 Mich App 578, 584; 672 NW2d 336 (2003). Respondent's questions presented for appeal are: (1) "Does appellant . . . have a constitutional right to parent his child?" and (2) "Did the trial court err in finding that reasonable efforts had been made by [petitioner] to [reunite] the family?" In any event, the reference to foster care in the referee's report was not improper; the referee was emphasizing the long period respondent had had to try to address his issues.

Affirmed.


/s/ Henry William Saad
/s/ Patrick M. Meter
/s/ Christopher M. Murray