# STATE OF MICHIGAN

# COURT OF APPEALS

In re T. BOONE, Minor.

UNPUBLISHED
December 14, 2017

No. 338844
Ottawa Circuit Court
Family Division
LC No. 15-079985-NA

Before: MARKEY, P.J., and HOEKSTRA and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent-mother appeals as of right the order terminating her parental rights to the minor child under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), and (g). Because the trial court did not clearly err by terminating respondent's parental rights, we affirm.

In July of 2015, the Department of Health and Human Services (DHHS) petitioned the trial court to remove the child from respondent's care because respondent drove her car under the influence of drugs with the child in the car and respondent admitted to recent cocaine, marijuana, and heroin use. However, the trial court declined to authorize the petition and declined to take jurisdiction over the child. In December of 2015, the DHHS again petitioned the trial court to remove the child from respondent's care because respondent committed two shoplifting offenses while the child was present and respondent was experiencing significant mental health and substance abuse issues. The trial court removed the child from respondent's care and placed him with a foster family. Respondent entered a plea of admission to several of the allegations made by the DHHS and entered a plea of no contest to the remaining allegations. On April 11, 2017, the DHHS filed a petition to terminate parental rights. Ultimately, the trial court terminated respondent's parental rights to the minor child under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), and (g). Respondent now appeals as of right.

On appeal, respondent argues that the trial court erred in finding statutory grounds for termination. Specifically, respondent argues that the DHHS failed to provide adequate services aimed at reunification. Respondent maintains that with more intensive mental health services she will be able to care for the child in a reasonable time. Thus, absent reasonable efforts to reunify the family, respondent contends that the trial court could not find clear and convincing evidence to terminate her parental rights.

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). This Court reviews for

-1-

clear error a trial court's factual determination that statutory grounds for termination exist. *Id.*; MCR 3.977(K). Likewise, we review for clear error the trial court's determination that the DHHS made reasonable efforts to preserve and reunify the family. See *In re Fried*, 266 Mich App 535, 542-543; 702 NW2d 192 (2005). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

In this case the trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), and (g). Relevant to MCL 712A.19b(3)(c)(*i*), respondent's substance abuse, criminality, and mental health issues led to the adjudication. With regard to MCL 712A.19b(3)(c)(*ii*), the other conditions that would cause the child to come within the court's jurisdiction included respondent's difficulty maintaining employment, issues involving parenting skills, and housing concerns. Despite time and the opportunity to make changes, the evidence showed that respondent failed to rectify these various conditions. See *In re White*, 303 Mich App 701, 710; 846 NW2d 61 (2014). At the time of termination, respondent continued to struggle with substance abuse, her mental health issues were unresolved, she was in jail with several pending criminal charges, she was unemployed, she had missed numerous parenting visits, she had been unsuccessfully discharged from programs aimed at addressing parenting skills, her housing was questionable in light of instances where her utilities had been turned off, and, more generally, she had failed to comply with her case service plan. Given the length of time that this case was pending and respondent's failure to make any consistent progress, the trial court did not clearly err by concluding that, despite opportunities to rectify these concerns, the conditions continued to exist and that there was no reasonable likelihood that the conditions would be rectified in a reasonable time considering the child's age. See MCL 712A.19b(3)(c)(*i*), (c)(*ii*). These same facts also support the trial court's conclusion that respondent failed to provide proper care and custody and that there was no reasonable expectation that she would be able to do within a reasonable time considering the child's age. See MCL 712A.19b(3)(g). Thus, the trial court did not clearly err in finding that the statutory grounds for termination were established by clear and convincing evidence. See *In re VanDalen*, 293 Mich App at 139.

In contrast to this conclusion, respondent maintains that the DHHS failed to provide reasonable services and that, with more intensive mental health treatment, she could overcome any barriers to reunification and provide for the child within a reasonable time. In general, the DHHS "must make reasonable efforts to rectify conditions, to reunify families, and to avoid termination of parental rights." *In re LE*, 278 Mich App 1, 18; 747 NW2d 883 (2008). Absent such efforts, termination of parental rights may be considered premature. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010). However, while the DHHS "has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondent[] to participate in the services that are offered." *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012).

In this case, services were offered, but respondent failed to participate in, and benefit from, those services. While respondent contends that she was not provided adequate mental health treatment, the DHHS referred respondent for a psychological evaluation, a substance abuse assessment, and for biweekly out-patient counseling to address her substance abuse and mental health issues. Yet, respondent only attended approximately five counseling sessions

during the pendency of the case. And, when a caseworker suggested more intensive in-patient treatment, respondent refused. Although respondent sometimes participated in drug screens, those drug screens were sometimes positive for the components of heroin. Respondent was also referred for programs to assist with parenting skills, housing and employment; but she missed appointments and failed to follow through with the programs. Respondent also failed to attend approximately 40 parenting time visits during the pendency of the case. Based on this record, given respondent's failure to avail herself of the opportunities offered to her, there is no merit to respondent's assertion that the DHHS failed to provide adequate services, and the trial court's decision to terminate respondent's parental rights was not premature.

Finally, on appeal, respondent also contends that the trial court clearly erred by determining that termination of her parental rights was in the child's best interest. Specifically, respondent argues that she shares a bond with her child and that she has the parenting skills to care for him. Respondent also asserts that the child is Hispanic and a descendent of Daniel Boone. According to respondent, she is the best person to raise the child to ensure that he learns about his culture and heritage.

Once a statutory ground for termination of parental rights has been established, before the trial court may terminate parental rights, the trial court must find by a preponderance of the evidence that termination is in the child's best interests. MCL 712A.19b(5); *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013).

> The trial court should weigh all the evidence available to determine the [child's] best interests. To determine whether termination of parental rights is in a child's best interests, the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the [child's] well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App at 713-714 (footnotes and quotation marks omitted).]

This Court reviews for clear error the trial court's decision regarding the child's best interests. *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012).

In this case, the trial court recognized that there was a bond between respondent and the child, but the trial court found that the bond was "fading" because the child had grown accustomed to respondent's failure to attend parenting time. This conclusion is supported by evidence that respondent had missed approximately 40 parenting time visits, that the child "very seldom" talked about respondent, and that, according to his foster mother, he had "gotten used to" respondent failing to attend parenting time. In contrast to the child's fading bond with respondent, the trial court determined, based on the evidence, that the child had a "great bond with his foster family." The trial court noted that the child was "comfortable" with his foster parents, and their children, with whom he had been living for a year and a half. The foster parents were willing to adopt the child, and the trial court weighed the "high" likelihood of adoption in favor of termination. Unlike the foster family, respondent had proven unable to

provide stability and permanence, and she continued to struggle with numerous issues, including mental health problems, that prevented her from providing proper care and custody for the child. Given that respondent had failed to show progress in the year and a half she had been receiving services, the trial court concluded that it would not be "fair" to the child to spend additional time waiting for respondent. On the whole, considering a wide variety of factors, the trial court concluded that termination was in the child's best interests.

In contrast, respondent argues that termination of her parental rights was not in the child's best interests because of the child's heritage. However, as the DHHS points out on appeal, during the year-and-a-half that the trial court exercised jurisdiction over the case, respondent never once mentioned any concerns about ensuring that the child was raised in the Hispanic culture. Respondent did briefly mention being descended from Daniel Boone during her testimony at the termination hearing. However, assuming this is true, respondent does not articulate why the child's foster parents cannot support this cultural consideration. Indeed, respondent's claim that she is in the best position to raise the child in light of his heritage is undermined by the fact that respondent has proven herself unable to provide for the child at all. Overall, given respondent's inability to provide for the child, her fading bond with the child, and the likelihood of the child's adoption by parents to whom he is strongly bonded, the trial court did not clearly err by determining that termination was in the child's best interests. Accordingly, the trial court did not err by terminating respondent's parental rights. MCL 712A.19b(5).

Affirmed.

/s/ Jane E. Markey
/s/ Joel P. Hoekstra
/s/ Amy Ronayne Krause

-4-