# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. HALEY-WHICKUM, Minor.

UNPUBLISHED
August 16, 2018

No. 341865
Kent Circuit Court
Family Division
LC No. 15-053932-NA

Before: MURPHY, P.J., and GLEICHER and LETICA, JJ.

PER CURIAM.

Respondent-father appeals as of right the trial court's order terminating his parental rights to the minor child, AHW, under MCL 712A.19b(3)(c)(*i*) (conditions at adjudication continue to exist) and (g) (failure to provide proper care and custody).[1] We affirm.

The Department of Health and Human Resources (DHHS) removed AHW from respondent-mother's[2] care in December 2015 because she was hospitalized and unable to care for him. At the time of the adjudication, respondent-father was incarcerated for violating the terms of his parole. Respondent-father completed homework assignments and participated in substance-abuse and parenting classes while he was in prison. He was released in April 2017. After respondent-father's release, his participation in services was sporadic and he was rearrested for parole violations several times. The trial court ultimately determined that respondent-father failed to show a benefit from services and terminated his parental rights. This appeal followed.

Respondent-father's only argument on appeal is that the trial court clearly erred in determining that termination was in AHW's best interests. We disagree.

"[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182

---

[1] The statutory ground for termination set forth in MCL 712A.19b(3)(g) was substantively amended by 2018 PA 58, effective June 12, 2018. The order terminating respondent-father's parental rights was entered pursuant to the former version of MCL 712A.19b(3)(g), as amended by 2012 PA 386.

[2] Respondent-mother's parental rights to AHW were also terminated, but she has not appealed the termination order.

-1-

(2013). This Court reviews the trial court's determination regarding the child's best interests for clear error. *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004). This Court is "obliged to defer to a trial court's factual findings at termination proceedings if those findings do not constitute clear error." *In re Rood*, 483 Mich 73, 90; 763 NW2d 587 (2009) (opinion by CORRIGAN, J.).

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App at 40. When the trial court considers a child's best interests, the focus must be on the child and not the parent. *In re Moss*, 301 Mich App at 87. "The trial court should weigh all the evidence available to determine the child's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App at 41-42 (citations omitted). A trial court can also consider the length of time the child was in foster care or relative placement, as well as whether it is likely that "the child could be returned to [the respondent's] home within the foreseeable future, if at all." See *In re Frey*, 297 Mich App 242, 248-249; 824 NW2d 569 (2012).

In this case, the trial court considered several factors in determining whether termination of respondent-father's parental rights was in AHW's best interests. The trial court considered respondent-father's history and unfavorable psychological evaluation. In addition, the trial court recognized that AHW was two years old and had been in foster care for almost his entire life. The trial court did not believe that respondent-father was bonded with AHW because their interactions had been limited on account of respondent-father's incarceration and frequent cancellations of scheduled parenting time visits when he was not incarcerated. The trial court also examined respondent-father's compliance with the case service plan and opined that respondent-father did not show a benefit from services. The trial court acknowledged that AHW's current home was not preadoptive; however, his respite family and respondent-father's sister had previously expressed interest in adopting AHW. Finally, the trial court considered AHW's need for permanence. The trial court explained that respondent-father would be living in transitional housing until February 2018, after which he would still need to find housing and establish a bond with AHW. It would be at least 9 to 12 months before the caseworker felt comfortable reunifying AHW with respondent-father. The trial court concluded that requiring AHW to wait for another year was unreasonable given the fact that the child already spent two years in foster care.

Based on the foregoing, the trial court's ruling was not clearly erroneous because respondent-father failed to make significant progress in his case service plan in the two years that this case was open. At the time of the termination hearing, he had failed to establish sobriety, he did not have appropriate housing, he had not established a bond with AHW, his participation in services was sporadic, and he continued to struggle with legal problems because he was unable to comply with his parole requirements. Thus, the trial court did not clearly err in determining

that termination of respondent-father's parental rights was in AHW's best interests.  See *In re Moss*, 301 Mich App at 90.

Affirmed.

/s/ William B. Murphy
/s/ Elizabeth L. Gleicher
/s/ Anica Letica