*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MCEWEN, Minors.

UNPUBLISHED
December 16, 2025
1:45 PM

No. 374393
Wayne Circuit Court
Family Division
LC No. 2024-000161-NA

Before: ACKERMAN, P.J., and BORRELLO and LETICA, JJ.

PER CURIAM.

Respondent appeals as of right an order terminating his parental rights to his minor children, LM, MM, and SM under MCL 712A.19b(3)(b)(*i*) (parent's act caused physical or sexual abuse or injury to the child or sibling and there is a reasonable likelihood of future injury or abuse), (g) (parent failed to provide proper care and custody despite being financially able to do so), and (j) (reasonable likelihood of harm if returned to parent). For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

The Department of Health and Human Services (DHHS) petitioned to terminate respondent's parental rights at the initial disposition after he was arrested for sexually assaulting his 16-year-old stepdaughter, AK. AK lived in the home with her mother, respondent, LM, MM, and SM. AK's mother was also the mother of LM, MM, and SM. Respondent was the legal father of LM, MM, and SM, but respondent was not AK's biological or legal father. Mother and respondent were married. Respondent gave AK and her sister extra screen time if they rubbed his feet and shoulders, and there were allegations that respondent, while rubbing AK's back or shoulders, would also touch AK's buttocks, the area near her vagina, and the side of her breast over her clothing. The abuse occurred in the family home over a period of two to three weeks. Respondent was ultimately convicted by plea of attempted fourth-degree criminal sexual conduct.

In the present case, respondent pleaded no contest to jurisdiction under MCL 712A.2(b)(1) or (2) and to statutory grounds for termination under MCL 712A.19b(3)(b)(*i*), (g), and (j). Respondent requested a best-interest evaluation that was conducted at the Clinic for Child Studies.

At the best-interest hearing, DHHS recommended that respondent's parental rights be terminated for sexually assaulting AK, for violating court orders by bringing items to the children outside of respondent's scheduled supervised visitation, and for the safety of the four girls still in the home.[1] Moreover, DHHS argued that nonrespondent mother could not protect the daughters from respondent because she was not seeking a divorce and seemed to question whether respondent had assaulted AK. Respondent argued that termination was not in the children's best interests because respondent shared a bond with them and appropriate supervision and safeguards could be put in place.

The trial court found that it was in the children's best interests to terminate respondent's parental rights. It reasoned that it was concerned for the children's well-being because despite pleading guilty in his criminal case, respondent denied wrongdoing during the best-interest evaluation, mentioning that he pleaded guilty based on his attorney's advice. Respondent also had violated the court's order by visiting his children at their home. Additionally, nonrespondent mother would not adequately protect the children because she was unsure whether respondent sexually assaulted AK and was not seeking a divorce. The trial court entered an order terminating respondent's parental rights to LM, MM, and SM. This appeal followed.

## II. DISCUSSION

Respondent argues that the trial court clearly erred when it determined termination of his parental rights was in the best interests of the minor children.

## A. STANDARD OF REVIEW

We review a trial court's determination regarding the children's best interests for clear error. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). "The trial court's factual findings are clearly erroneous if the evidence supports them, but we are definitely and firmly convinced that it made a mistake." *Id*. at 709-710.

## B. LAW AND APPLICATION

At the best-interest stage, the focus is on the child, not the parent. *In re Moss*, 301 Mich App 76, 87; 836 NW2d 182 (2013). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *Id*. at 90. This Court has described how the trial court should proceed and what is should consider:

> The trial court should weigh all the evidence available to determine the children's best interests. To determine whether termination of parental rights is in a child's best interests, the court should consider a wide variety of factors that may include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home

---

[1] Two of respondent's three children involved in this case were girls. AK was living with her father in a different state. However, mother also had two other daughters who had a different father. Those daughters were still living in the home with mother.

over the parent's home." The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App at 713-714 (citations omitted).]

Here, respondent argues on appeal that the trial court clearly erred by relying on the doctrine of anticipatory neglect to find that termination was in the best interests of the children. The doctrine of anticipatory neglect recognizes that "[h]ow a parent treats one child is certainly probative of how that parent may treat other children." *In re LaFrance*, 306 Mich App 713, 730; 858 NW2d 143 (2014) (quotation marks and citation omitted; alteration in original). Respondent maintains there was no nexus between acts committed against his 16-year-old stepdaughter and any potential for a risk of harm to his much younger children. Respondent further argues that the children were placed with their mother, a relative, which weighs against termination. See *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012) (stating that a child's placement with a relative weighs against termination but that a trial court may still terminate parental rights if it finds termination is in the child's best interests).

However, respondent ignores the totality of the trial court's reasoning supporting its best-interest findings. For example, despite respondent pleading guilty in his criminal case, he denied his guilt during the best-interest evaluation, demonstrating his lack of accountability and unwillingness to change his behavior. Moreover, respondent violated the trial court's order authorizing supervised visitations when he went to nonrespondent mother's house to give the children toys. Respondent's willingness to ignore court orders designed to protect his children shows that he prioritizes his own desires over his children's well-being. Moreover, the trial court found that nonrespondent mother could not protect the children from respondent because she was not certain that respondent had sexually assaulted AK and was not actively seeking a divorce. The mother's failure to acknowledge respondent's sexual abuse, along with her willingness to keep him around the children, suggests that she is unable or unwilling to make the decisions necessary to protect the children. Lastly, the trial court mentioned that the Clinic for Child Studies recommended terminating respondent's parental rights because he failed to take responsibility for the abuse despite pleading guilty in the criminal matter.

Based on our review of the record, we are not left with a definite and firm conviction that the trial court made a mistake in finding that termination was in the children's best interests. Accordingly, there is no clear error. *In re White*, 303 Mich App at 713.

Affirmed.

/s/ Matthew S. Ackerman
/s/ Stephen L. Borrello
/s/ Anica Letica