*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* RHODES-SMITH, Minors.

UNPUBLISHED
April 16, 2026
11:24 AM

No. 376244
Wayne Circuit Court
Family Division
LC No. 2017-000650-NA

Before: CAMERON, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

Respondent-mother appeals the order terminating her parental rights to her two children. On appeal, respondent-mother argues that the trial court erred when it determined that statutory grounds for termination were met, petitioner made reasonable efforts toward reunification, and termination was in the children's best interests. We affirm the trial court's decision.

## I. BACKGROUND

The case began when respondents' one-month old twins presented at a hospital with nonaccidental traumatic injuries indicating physical abuse. One child had injuries consistent with impact and compression and the other suffered a femur fracture and a near-fatal brain injury, which requires life-long specialized medical treatment.

When questioned by law enforcement and petitioner, respondents[1] "failed to provide any plausible explanation as to how the children were injured." Respondent-mother reported that she left the children in the care of respondent-father and others in the family home between midnight to 1:00 a.m. When she returned about two hours later, one child was not breathing properly, and

---

[1] The children's father was a respondent in the trial court. His parental rights to the children were also terminated, but he is not a party to this appeal. "Respondents" refers to respondent-mother and respondent-father.

his leg was dangling. Throughout the day before the injuries were discovered, the children were supervised by several people including respondent-father and respondents' mothers.

The detective involved in the case reported to petitioner that respondents had "a history of domestic violence and her criminal investigation [led] her to believe they had a physical altercation the day of the incident and injured the children in the process." Police arrested respondents, who provided inconsistent stories, and the detective intended to pursue first-degree child abuse charges against them.

Petitioner filed a permanent-custody petition seeking termination of respondents' parental rights. Petitioner indicated that two of respondent-mother's other children were previously removed from her care because of serious and chronic neglect, and ultimately, respondent-mother's rights to those children were terminated after she failed to comply with court-ordered services, including services to address substance abuse and improper supervision. At the preliminary hearing, the trial court determined that reasonable efforts were not required under MCL 722.638, authorized the petition, suspended parenting time, and found the permanency plan of adoption was appropriate based on respondent-mother's failure to protect and supervise the children.

At adjudication, respondents alleged they had an argument which led respondent-father to leave the home in respondent-mother's car. To retrieve the vehicle from respondent-father, respondent-mother asked her mother to supervise the children because she felt it was too "dangerous" to bring the children with her. According to respondent-mother, her mother abused her as a child and had substance abuse issues, but respondent-mother was not concerned about leaving the children with her mother because her mother "got treatment." After retrieving the children from her mother's home and taking them back to her own home, respondent-mother noticed one child was not responding normally and his leg looked out of place; respondent-mother took him to the hospital a few hours later.

Petitioner was concerned that neither respondent could explain what happened to the children, their stories changed, and "it seemed like there wasn't forthcoming information." The trial court was concerned that respondent-mother, while knowing about her mother's history of substance and child abuse, allowed her mother to supervise the children. The trial court determined that there was clear and convincing evidence to terminate respondent-mother's parental rights under MCL 712A.19b(3)(g) and (j).

Before the final best-interests hearing, respondent-mother completed a clinical evaluation, in which the examiner found that respondent-mother avoided taking responsibility for her actions, that her substance abuse and mental health issues were concerning and could affect her judgment as a parent, and that her answers to questions were not forthcoming, raising concerns about her transparency and authenticity. The evaluation recommended termination of respondent-mother's parental rights because respondent-mother did not seem to comprehend the severity of the injuries and the conditions that led to respondent-mother's previous parental rights terminations—serious and chronic neglect, improper supervision, physical neglect, threatened harm, and issues of substance abuse—had not been rectified.

During the best-interests hearings, petitioner provided testimony that respondent-mother did not comprehend the severity of the children's injuries. Respondent-mother allegedly believed that one of the children could be bottle fed despite being on a G-tube and unable to swallow. Parenting time was suspended at case initiation when the children were about two months old, and respondent-mother had little-to-no contract with the children for over two years. Considering the children's time and care received in foster care, as well as respondent-mother's challenges such as substance abuse, mental health, and housing, the trial court found that termination was in the best interests of the children.

Respondent-mother now appeals.

## II. ANALYSIS

### A. STATUTORY GROUNDS

On appeal, respondent-mother argues that the trial court erred when it found by clear and convincing evidence that statutory grounds for termination were met. We review for clear error the trial court's findings relating to statutory grounds. *In re Atchley*, 341 Mich App 332, 336; 990 NW2d 685 (2022). The trial court's decision is clearly erroneous if, after reviewing the entire record, we are "left with the definite and firm conviction that a mistake has been made." *In re Williams*, 286 Mich App 253, 271; 779 NW2d 286 (2009).

Under MCL 712A.19b(3)(j), the trial court may terminate parental rights if it finds a reasonable likelihood, based on respondent-mother's capacity or conduct, that the children will be harmed if they are returned to respondent-mother's home. The trial court may consider respondent-mother's failure to comply with the terms and conditions of a service plan as evidence that the children will be harmed if returned to respondent-mother's home. *In re White*, 303 Mich App 701, 711; 846 NW2d 61 (2014). Reasonable likelihood of future harm can be supported by "ongoing uncertainty about the circumstances of the children's intentionally inflicted injuries," *In re VanDalen*, 293 Mich App 120, 139-140; 809 NW2d 412 (2011), as well as failures to prevent previous harm, *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009).

Here, respondent-mother's children suffered nonaccidental trauma, and when asked about the trauma, respondents provided inconsistent stories to police and petitioner, resulting in uncertainty in how the children were injured. Even if respondent-mother was not the direct cause of the injuries, she left the children in the care of someone who did injure the children, thereby failing to prevent the harm. In addition to the harm to the children, respondent-mother failed to participate in required services in past cases involving petitioner, evidencing possibility of harm to the children in this case.

Respondent-mother's history with little-to-no change indicated that the children would be at risk of harm if returned to her care. This conclusion is supported by the clinical evaluation which indicated that the conditions that led to her previous terminations were not rectified and that respondent-mother did not fully appreciate the injuries to the children and the care they needed. Thus, it was not clearly erroneous for the trial court to find that MCL 712A.19b(3)(j) was met and that there was a reasonable likelihood that the children would be harmed if returned to respondent. Because we conclude that the trial court did not err when finding that the statutory ground under

MCL 712A.19b(3)(j) was met, we do not need to address respondent-mother's arguments pertaining to termination under MCL 712A.19b(3)(g). See *In re Sanborn*, 337 Mich App 252, 273; 976 NW2d 44 (2021).

## B. REASONABLE EFFORTS

Respondent-mother also argues that the trial court erred in finding that petitioner made reasonable efforts. For the trial court's decisions regarding reasonable efforts, we review for clear error. *In re Sanborn*, 337 Mich App at 258. Generally, petitioner "has an affirmative duty to make reasonable efforts to reunify a family before seeking termination of parental rights." *In re Hicks/Brown*, 500 Mich 79, 85; 893 NW2d 637 (2017); MCL 712A.18f(3)(b) and (c); MCL 712A.19a(2). Petitioner is not required to make reasonable efforts to reunify the children with respondent-mother if respondent-mother had the rights to the children's siblings involuntarily terminated and respondent-mother failed to rectify the conditions that led to that termination. MCL 712A.19a(2)(c).

It is undisputed respondent-mother had her parental rights to two children—siblings of the children in this case—terminated in the past. Respondent-mother fails show how she had rectified the conditions that led to the first termination besides arguing that she is now older and did not hurt her children in the present case. In contrast, the clinical evaluation concluded that the conditions which led to the prior terminations, including serious and chronic neglect, improper supervision, threatened harm, and substance abuse, had not been rectified. Based on the evidence presented, the trial court did not clearly err when it determined that reasonable efforts for reunification were not required.

## C. BEST INTERESTS

Last on appeal, respondent-mother argues that the trial court erred when it found that termination was in the children's best interests. We review for clear error the trial court's best-interests determination. *In re White*, 303 Mich App at 713. When evaluating the children's best interests, the trial court should consider respondent-mother's bond with the children, history of parenting time, history of domestic violence, parenting ability, and home compared to alternatives, as well as the possibility of adoption and the children's need for permanency and stability. *Id.* at 713-714. The analysis is focused on each child individually, *In re Olive/Metts Minors*, 297 Mich App 35, 42; 823 NW2d 144 (2012), not on respondent-mother, *In re Moss*, 301 Mich App 76, 88; 836 NW2d 182 (2013).

The trial court did not clearly err when finding that termination was in the children's best interests. Any bond between respondent-mother and the children was weak, at best—the children were in respondent-mother's care for only two months before removal and parenting time had been suspended for over two years. The removal resulted from police's suspicion of domestic violence and that respondents were "involved in a physical altercation in the presence of the children resulting in the injuries to the children." Respondent-mother's parental rights to her other children were terminated for neglect, and evidence demonstrated that she failed to rectify the conditions that led to that termination, failed to participate in services, and overall had not improved upon her parenting ability since the last termination.

-4-

In the children's current placement where they have been for over two years and for a majority of their lives, their foster parents are willing to adopt both of them and specifically provide for their medical needs. Adoption will provide the permanency and stability that the children need, emotionally and medically. With a focus on the children, the trial court did not clearly err when finding that termination of respondent's rights was in the children's best interests.

## III. CONCLUSION

The trial court clearly did not err in its findings relating to statutory grounds for termination, reasonable efforts, and the children's best interests.

Affirmed.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle