*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* J W, Minor.

UNPUBLISHED
June 08, 2026
10:11 AM

No. 378655
Saginaw Circuit Court
Family Division
LC No. 25-000013-NA

Before: YOUNG, P.J., and BORRELLO and TREBILCOCK, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to the minor child under MCL 712A.19b(3)(a)(*ii*) (parent has deserted child for 91 or more days and has not sought custody during that period) and MCL 712A.19b(3)(j) (reasonable likelihood of harm if returned to parent). On appeal, respondent argues that the trial court erred when it found that termination was in the child's best interests. We disagree with respondent's argument that the trial court committed clear error but do identify a legal error amounting to an abuse of discretion. As a result, we vacate the termination and remand for a new best-interest hearing.

## I. BACKGROUND

The minor child was born in March 2025, and he was placed in a neonatal intensive-care unit (NICU) because of in utero exposure to fentanyl, cocaine, and opiates. Petitioner, the Michigan Department of Health and Human Services, could not locate respondent by the time they filed the petition. The petition requested the termination of respondent's parental rights at initial disposition due to aggravated circumstances which included respondent's abandonment of the minor child, the termination of respondent's parental rights to her other children, and respondent's failure to rectify the circumstances that led to the previous terminations. The child was then placed with his maternal aunt. The court ordered petitioner to make reasonable efforts to reunify the family.

In May 2025, petitioner discovered respondent was incarcerated. Upon being released from jail, respondent entered a residential probation center for her substance abuse. However, she left the probation center within a week. She was not present at the next hearing.

Respondent was incarcerated again in September 2025, and termination hearing occurred in October. At the hearing, respondent stated that she had become religious and wished to stop using substances so she could be a better mother to her children. However, in light of respondent's history with petitioner, previous failure to benefit from services, and lack of contact with the minor child during the pendency of the case, the trial court terminated her parental rights. Respondent now appeals.

## II. ANALYSIS

Respondent argues that the trial court erred when it found that termination was in the child's best interests. This Court reviews the trial court's decision regarding a child's best interests for clear error. *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012).

A trial court that finds that statutory grounds for termination are present must also find that termination is in the child's best interests before it can terminate the respondent's parental rights. MCL 712A.19b(5). When determining whether termination is in the child's best interests, trial court must focus on the child and not the parent. *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022). The petitioner is required to prove that termination is in the child's best interests by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013).

Factors that a court may consider include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App at 41-42 (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the child[ ]'s wellbeing while in care, and the possibility of adoption," *In re Rippy*, 330 Mich App 350, 360-361; 948 NW2d 131 (2019) (quotation marks and citations omitted), as well as "how long the child was in foster care or placed with relatives, along with the likelihood that the child could be returned to the parents' home within the foreseeable future, if at all," *In re CJM*, ___Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367565); slip op. at 4 (quotation marks and citation omitted). "We further review for an abuse of discretion the trial court's decision regarding the factors to consider in making its best-interests determination, including the propriety of a guardianship." *In re Lombard*, ___Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367714), slip op at 4.

When discussing the child's best interests, the trial court primarily spoke about the child's close bond with his relative placement and the other children in the home and referenced respondent's lack of ability and interest in parenting, as demonstrated by her lack of contact with the child beyond two NICU visits. The trial court also referenced the arguments from the child's guardian ad litem, who stated that, if respondent received more parenting time, it would expose the child to "more potential trauma, more future harm" and that, because the child was with his aunt, the aunt could help facilitate a future relationship between the child and respondent.

The court heard testimony that the child had no bond with respondent. The evidence also indicated respondent did not demonstrate parenting skills and did not go to the hospital to care for the child while he was hospitalized. A foster care worker testified that she provided respondent with parenting-skills packets to complete in jail as well as addressed envelopes to send the packets

back. Respondent never returned the packets. The child's need for permanence, stability, and finality also weighed in favor of termination being in his best interests, as respondent would still have to be released from jail and participate in, and demonstrate benefit from, services before reunification could occur. The trial court's consideration of the child's familial placement was nuanced, as it specified that the child's aunt sought adoption over guardianship.

We find no error in the trial court's factual findings related to the child's placement with family and how well he was doing in that placement.

However, in reviewing the best-interest hearing, we identified a legal error that was not identified by respondent but which nevertheless amounted to an abuse of discretion. The trial court stated that, "the fact that the child is in placement with a relative does not weigh against termination of parental rights" and "[r]elative placement, again, for purposes of best interest, does not weigh against termination as this relative is not interested in guardianship but is only interested in adoption of this child[.]" The law is clear, that "placement with relatives weighs *against* termination under MCL 712A.19a(6)(a)." *In re Olive/Metts*, 297 Mich App at 43 (emphasis added). Because a child's placement with a relative is an "explicit factor that the trial court must consider when determining whether termination is in a child's best interest," and because that factor was misapplied, we cannot separate the decision to terminate from this error of law. *In re Lombard*, ___Mich App at ___; slip op at 5-6.

We vacate termination and remand to the trial court for a new best-interest hearing. We do not retain jurisdiction.

/s/ Adrienne N. Young
/s/ Stephen L. Borrello
/s/ Christopher M. Trebilcock